DRYER, APPELLANT, *v.* DIRECTOR–GENERAL OF RAILROADS, RESPONDENT.

(No. 5,007.)

(Submitted January 26, 1923. Decided February 27, 1923.)

[213 Pac. 210.]

*Venue—Torts—Personal Injuries.*

1. Under section 9096, Revised Codes of 1921, an action for tort' must be tried in the county in which it was committed; hence an action by a railroad employee for personal injuries sustained in a county other than that of his residence, was properly triable in' the county where the accident occurred, subject to the power of the court to change the place of trial.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by George Dryer against the Director-General of Railroads. Judgment for defendant, and plaintiff appeals. Affirmed.

*Messrs. Hall & Pope,* for Appellant, submitted a brief; *Mr. Walter L. Pope* argued the cause orally.

*Mr. S. P. Wilson* and *Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The only error assigned is that the district court erred in transferring this cause from Missoula county to Powell county for trial.

The action is to recover for personal injuries sustained by [1]  plaintiff because of an accident which occurred in Powell county while the plaintiff was in the employ of the defendant, Director-General of Railroads. It is alleged that the accident occurred through the negligence of defendant's employees.

At the time of the accident the plaintiff was and had been for thirty years a resident of Missoula county. The complaint was filed in Missoula county, and the defendant was served with summons there. Upon defendant's motion the cause was transferred to Powell county. The motion was based upon the fact that the accident occurred in Powell county and plaintiff's cause of action, if any, arose there. Trial resulted in favor of defendant. Plaintiff appeals from the judgment.

It is conceded by plaintiff that the ruling of the trial court is sustained, in terms at least, by the decision of this court in *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030. In that case, which arose upon contract, the court had under consideration the following portion of section 6504, Revised Codes of 1907, now section 9096, Revised Codes of 1921: "Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this Code." After an exhaustive analysis of this provision in comparison with the context in section 6504, and as that section relates to companion sections, the court held that the word "may" should be given the force of "must." Counsel say this holding was *obiter* because unnecessary to the conclusion and decision of the cause then before the court. They say, further: "We believe that all the cases along this line which this court has decided were correctly decided.

More than that, we believe that our position regarding the proper meaning of section 9096 of the Revised Codes will reconcile decisions of this court sometimes thought or said to be in disagreement,'' and support their theory by an able analysis of what they term the true construction of section 9096. We have given due consideration to their reasoning, but are not inclined to disturb the doctrine of the *Interstate Lumber Company Case.* When it was under consideration the court examined its previous decisions with care. The learned and long-experienced Chief Justice wrote the opinion with the deliberate intention of settling the practice respecting the proper place of trial of the two classes of cases referred to; and the court held specifically that an action upon contract must be tried in the county in which the contract was to be performed, and one for tort in the county in which the tort was committed, subject to the power to change the place of trial as provided. Since that time this court has adhered to the construction then adopted (*Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154; *Feldman* v. *Security State Bank,* 62 Mont. 330, 206 Pac. 425). No cogent reason appears to disturb it.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.