KALBERG, RESPONDENT, v. GREINER, APPELLANT.

(No. 6,886.)

(Submitted February 9, 1932. Decided March 2, 1932.)

[8 Pac. (2d) 799.]

*Mr. Al. Hansen,* for Appellant, submitted a brief; *Mr. C. A. Spaulding,* of Counsel, argued the cause orally.

*Messrs. Guinn & Maddox,* for Respondents, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought in Big Horn county to recover the possession, or, in case delivery cannot be had, then the value, of a Chevrolet truck, which, it is alleged, defendant at the county of Fallon wrongfully came into possession of and wrongfully detains.

Plaintiff filed an affidavit in claim and delivery, authorized by section 9221, Revised Codes of 1921, and sought delivery of the truck, in which he alleged, among other things required by the statute, that the truck was stolen from him by Mack Bristow. Defendant demurred to the complaint, and at the same time made motion and demand for a change of venue to Fallon county. His demand was accompanied by an affidavit of merits, in which it is averred that defendant is a resident of Fallon county and that the cause of action sued on arose in that county. By order of the court, the motion

for change of venue was denied, and defendant has appealed therefrom.

The propriety of the order denying the motion for change of venue is the only question presented by the appeal.

The action is founded upon a tort. (23 R. C. L. 854; 7 Bancroft's Code Practice & Remedies, p. 7139, sec. 5410.) This much is conceded by the respective parties. It is also conceded that, because of section 9096, Revised Codes of 1921, as interpreted in *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030, *Dryer* v. *Director General of Railroads*, 66 Mont. 298, 213 Pac. 210, *Atkinson* v. *Bonners Ferry Lumber Co.*, 74 Mont. 393, 240 Pac. 823, and *O'Hanion* v. *Great Northern Ry. Co.*, 76 Mont. 128, 245 Pac. 518, the action must be tried where the tort was committed. The point of difference between the parties is this:

Plaintiff contends that, since it is fairly inferable from the complaint, read in conjunction with the affidavit, that the property was stolen from him in Big Horn county, that is where the tort was committed. Defendant, on the other hand, contends that, since it is alleged in the complaint that defendant came into possession of the property in Fallon county and wrongfully retains possession thereof, the tort, so far as he is concerned, is shown to have been committed in Fallon county and not in Big Horn county.

Defendant's contention must be sustained. For the purpose of venue, a cause of action is composed of, first, "the primary right of plaintiff," and, second, "the act or omission on the part of defendant without which there would be no cause of action or right of recovery against him." (40 Cyc. 82.) "If these two factors occur in different counties, the complete accrual of the cause is only in the county in which defendant's wrongful act was done." (Id. 83.)

Applying these fundamental principles to the facts of this case, we reach the following result: Plaintiff's primary right was invaded when the truck was stolen. That, though not directly alleged, we may presume occurred in Big Horn

county. But plaintiff's right of action for the wrongful taking of the truck in Big Horn county was against the alleged thief, Mack Bristow. His right to proceed against defendant did not arise until defendant came into possession of the truck and wrongfully detained it. That was shown to have occurred in Fallon county. Fallon county is the only county in which defendant is shown to have committed any act which gave plaintiff a cause of action against him. It is not alleged that defendant had anything to do with the theft of the truck, or that he aided or abetted the thief, or had any knowledge that the truck was stolen. His acts, which give rise to plaintiff's cause of action against him, occurred in Fallon county, and not elsewhere. The proper venue of the action is in Fallon county.

The order appealed from is reversed and the cause remanded to the district court of Big Horn county, with directions to set aside the order denying the motion for change of venue and to enter an order granting the motion.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Matthews concur.