**BROWN & ·ROOT, Inc., et al. v. DURLAND.**

**No. 8924.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Sneed & Martins, of Austin, Wilcox & Graves, of Georgetown, and Coke R. Stevenson, of Junction, for appellants.

Morriss & Morriss, of San Antonio, and C. H. Gilmer, of Rock Springs, for appellee.

SMITH, J.

This action was brought in the district court of Edwards county by D. D. Durland against Brown & Root, Inc., and the American General Insurance Company, corporations domiciled in Travis and Harris counties, respectively. The suit was to recover upon a bond executed by said corporations as principal and surety, respectively.

It was alleged by appellee as plaintiff below that he furnished certain materials to Brown & Root, Inc., for its use as a contractor in constructing a public highway in Edwards county, which, after notice to the state highway commission, entitled appellee to a lien upon any "monies, bonds or warrants" due or to become due contractors such as appellee, as provided in article 5472a, Vernon's Ann. Civ. St.

Appellee asserted such claim, alleged· notice thereof upon the highway commission, and further alleged that Brown & Root, Inc., as principal, and said insurance company, as surety, executed a "surety bond," and thereupon collected from the commission all monies due the contractor upon said contract, as authorized by act of 1929, 41st Leg., 2d C. S., ch. 78, § 1, p. 154 (Vernon's Ann. Civ. St. art. 5472b—1, § 1). This action was brought upon said bond under authority of section 2 of said act (Vernon's Ann. Civ. St. art. 5472b—1, § 2) which provides: "Sec. 2. At any time within six months from the date of filing of said surety bond, the party making or holding such claim or claims may sue upon such bond, but no action shall be brought on such bond after the expiration of such period. One action upon said bond shall not exhaust the remedy thereon, but each obligee or assignee of an obligee named therein may maintain a separate suit thereon *in any court and in any jurisdiction.* * * *" (Italics ours.)

Both defendants urged pleas of privilege, which were overruled, and both have appealed.

It is conceded by all parties, and is obvious from the record, that the pleas of privilege should have been sustained, unless appellee is entitled to maintain the action in Edwards county by virtue solely of the italicized provision in section 2 of the act in question, that the actions therein provided for may be maintained separately by each claimant thereunder *"in any court and in any jurisdiction."*

█ We are of the opinion that it was not intended by the Legislature that the provision in question should operate to fix venue

in conflict with the provisions of the general venue statute. Article 1995, R. S. 1925. The act did not purport in its title or elsewhere to be a venue statute, or to repeal existing statutory venue provisions.

The provision that such actions may be maintained "in any court and in any jurisdiction" is too broad and all-encompassing—is too general in its scope—to be given effect in direct contravention of express provisions of the Constitution and statutes relating to jurisdiction and venue.

If interpreted in accordance with appellee's contentions, the provision can have no less effect than that such actions may be maintained in any court in any community in this state, if not in all the world, regardless of the amount in controversy or the status or residence of the parties.

For example, if the construction relied on by appellee be followed to its logical conclusion, a person residing in Cameron county having a claim of $65,000 against another resident of Cameron county may maintain an action thereon in the justice of the peace court in precinct No. 8, or any other court, of Dallam county; or a person residing in Orange county, having a claim for $1.98 against a neighbor in the same county, may maintain an action thereon in either a justice of the peace court, or any other court, in El Paso county; or, if there be 254 claimants against one such bond, which is easily conceivable, each could maintain a separate suit upon his claim in a different county, in any justice, county, probate, or district court in such county, regardless of the amount of his claim, and even though all those creditors and their common debtor reside in one and the same county.

It is inconceivable that the Legislature intended to perpetrate such a travesty upon the administration of justice; nor can such absurd construction be given effect in order to deprive the citizen of his valuable right, vouchsafed not only by the letter of the general law, but by public policy as well, to defend in his own domicile against suits brought against him.

Appellee concedes that the term "any court" means, of course, any court having jurisdiction of the amount of the claim to be asserted, but contends that the term "any jurisdiction" may not be so qualified, but must be given a literal and restricted interpretation meaning any precinct or county that may suit the pleasure, malice, cupidity, judgment, or caprice of the claimant. But we can see no reason why the first phrase, "any court," is entitled to any more liberal construction than the second phrase, "any jurisdiction."

■ In our opinion the whole clause expresses, in the thoughtless language of current state legislation, an intention of the Legislature to provide that all beneficiaries of the surety bond provided for in the act shall be entitled to sue separately thereon in "any court" (of competent jurisdiction) in "any jurisdiction" (available to him under the general venue statute).

■ The nature of the cause of action here asserted is such as to be maintainable in the county of the domicile of either of the defendants, Travis or Harris counties. Commonwealth Bank & Trust Co. v. Heid Bros. (Tex. Com. App.) 52 S.W.(2d) 74.

The judgment is therefore reversed, and judgment will be here rendered that the venue of this cause be changed to the district court of the Fifty-Third judicial district of Travis county, Tex., and the clerk of the district court of Edwards county is directed to make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the said district court of the Fifty-Third judicial district of Travis county.

Reversed and rendered.