Justo Álvarez, demandante y apelado, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

Pablo Álvarez, demandante y apelado, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

Restituto Álvarez, demandante y apelado, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

Nos. 6820, 6821 y 6822.—*Sometidos:* Mayo 1, 1935. *Resueltos:* Mayo 9, 1935.

*M. Acosta Velarde,* abogado de la apelante; *García Méndez & García Méndez,* abogados de los apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Estos tres pleitos se iniciaron ante la Corte de Distrito de Aguadilla contra la corporación demandada en reclamación de daños y perjuicios causados a los demandantes como consecuencia de un accidente ocurrido en marzo 28, 1934, dentro del distrito judicial de Aguadilla, atribuído al manejo negligente de uno de los trenes de la demandada por uno de sus empleados.

Emplazada la demandada en la persona de su "Acting Manager" Sr. Vassallo, en San Juan, archivó en los tres pleitos mociones eliminatorias y solicitó el traslado de los

mismos a la Corte de Distrito de San Juan basándose en ser ella una corporación extranjera autorizada para hacer negocios en Puerto Rico con su oficina principal ỹ representante en San Juan y tratarse del ejercicio de acciones personales por las que sólo se pretende obtener ciertas sumas de dinero.

La corte de distrito negó los traslados fundados en lo dispuesto en el artículo 79, No. 1, del Código de Enjuiciamiento Civil, según fué enmendado por la Ley No. 34 de 1928 (pág. 225).

No conforme la demandada, apeló. A los efectos de los alegatos y de las vistas se pidió y decretó la acumulación de los recursos. Conjuntamente los consideraremos también por estar envuelta en ellos la misma cuestión.

Dice, en lo pertinente, el citado art. 79, No. 1, del Código de Enjuiciamiento Civil, ed. 1933:

"Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la Corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1.— . . . . para recobrar daños y perjuicios de acuerdo con el artículo 1803 del Código Civil. . . . . . .

"2.— . . . . . . . . . ."

Y sostiene la parte apelante que ejercitadas las acciones en estos casos de acuerdo con el artículo 1804–1803 ed. 1930 —y no con el 1803–1802, ed. 1930—del Código Civil, las resoluciones apeladas deben revocarse.

Planteada la cuestión en la corte de distrito fué resuelta en contra de la demandada por el razonamiento que sigue:

"El artículo 1804 del Código Civil dispone que la obligación que impone el artículo 1803 es exigible no sólo por los actos u omisiones propios, sino que por los de aquellas personas de quienes se debe responder.

"La obligación de reparar los daños y perjuicios que se causen por actos u omisiones cuando interviene culpa o negligencia es una responsabilidad que de un modo absoluto establece el Código Civil,

siendo aplicable tanto a los actos u omisiones propios como a los actos u omisiones de la personas de quienes se debe responder. No es una responsabilidad subsidiaria, sino directa."

El razonamiento queda en pie, a nuestro juicio, no obstante los esfuerzos que hace para detruirlo en su alegato la apelante.

Era suficiente con que el legislador se refiriera al artículo básico del capítulo del código que trata especialmente de las obligaciones que nacen de culpa o negligencia para que quedara expresado en toda su extensión su pensamiento.

Dispone dicho artículo que: "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." Y seguidamente prescribe el 1804–1803 ed. 1930—que: "La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder."

El hecho de que, comentando artículos iguales del Código Civil Español, Manresa diga en sus "Comentarios" que: "La responsabilidad impuesta por el artículo 1903 a los que deben responder por otras personas no es subsidiaria, sino directa, como lo exige la causa que la motivó; y la establece la ley por razón del incumplimiento de los deberes que imponen las relaciones especiales de autoridad o superioridad que median entre el que ha de reparar el daño y el que dió motivo a él con sus actos u omisiones", (Manresa, Comentarios al Código Civil, volumen 12, página 651), y Maura afirme en sus "Dictámenes" que a las personas que deben responder por otras no se las demanda subsidiariamente sino directa y aisladamente ante los tribunales civiles (Maura, Dictámenes, Vól. 6, pág. 512), no se opone a la conclusión a que llegara la corte de distrito. Al contrario, la vigoriza.

El artículo 1804–1803 ed. 1930—fija el alcance del 1803—1802 ed. 1930; lo complementa, disponiendo que la obligación de indemnizar se tiene no sólo por los actos u omisiones pro-

pios en que interviene culpa o negligencia si que por los de aquellas personas de quienes se debe responder. Y eso dispuesto, establece las diferentes relaciones entre personas que abarca y las reglas aplicables.

El motivo que guiara al legislador para extender la responsabilidad puede ser interpretado de modo diferente, pero la realidad es que la impuso y que la regla del artículo 1803— 1802 ed. 1930—es la aplicable tanto en el caso de que la acción de daños y perjuicios se inicie contra la persona que directamente ocasiona el daño interviniendo culpa o negligencia, cuanto en el de que se establezca contra la persona responsable por los actos de la que por su culpa o negligencia lo ocasiona, debiendo en ambos casos sustanciarse los pleitos en el distrito en que la causa del litigio tuvo su origen, tal como determina el artículo 79 del Código de Enjuiciamiento Civil, ed. 1933.

*Deben declararse sin lugar los tres recursos y por sentencias separadas confirmarse las resoluciones recurridas.*