VICENTE ZAYAS PIZARRO, demandante y apelante, *v.* HENRY G. MOLINA DE ST. REMY, demandado y apelado.

No. 7075.—*Sometido:* Julio 22, 1935. *Resuelto:* Julio 24, 1935.

*López de Tord & Zayas Pizarro,* abogados del apelante; *Luis E. Dubón,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Vicente Zayas Pizarro demandó en la Corte de Distrito de Ponce a Henry G. Molina en reclamación de daños y perjuicios por difamación.

El demandado, domiciliado en San Juan, solicitó el traslado del pleito a la corte del distrito de su domicilio. Se opuso el demandante y la Corte de Distrito de Ponce resolvió la cuestión suscitada, como sigue:

"La Corte ha estudiado detenidamente la cuestión planteada, que fué debidamente argumentada oralmente y por medio de alegatos escritos, y ha llegado a la conclusión de que la causa de acción expuesta en la demanda enmendada nace de la Ley 'estableciendo la acción civil de libelo y calumnia' aprobada en febrero 19 de 1902, y no del artículo 1802 del Código Civil, (véase, en apoyo de esta conclusión, cómo el artículo 1868 del Código Civil al establecer las acciones que prescriben por el transcurso de un año, en su apartado segundo, separa la acción para exigir la responsabilidad civil por injuria o calumnia de aquéllas que nacen del Artículo 1802) y, por lo tanto, de acuerdo con el Artículo 81 del Código de Enjuiciamiento Civil procede el traslado de esta acción a la Corte de Distrito de San Juan."

No conforme el demandante, apeló, quedando radicada la transcripción desde junio 13 último. En julio 8 actual solicitó la parte apelada la desestimación del recurso por frívolo, celebrándose la vista de su moción el 22 con asistencia e informe de los abogados de ambas partes.

A nuestro juicio es claro que la acción ejercitada emana de la ley especial sobre la materia citada por el juez sentenciador—Ley para autorizar pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia, aprobada el 19 de

febrero de 1902, Estatutos Revisados y Códigos de Puerto. Rico de 1902, p. 234.

La circunstancia de que si tal ley no existiera, por interpretación judicial se hubiera seguramente considerado que proviniendo la acción de un delito podría considerarse como autorizada por el artículo 1802 del Código Civil, ed. 1930, no debe tomarse en consideración. El legislador fué específico en el caso, separando las acciones no ya al decretar la ley especial si que al referirse a ellas dentro del precepto general del Código que también cita el juez sentenciador—artículo 1868 del Código Civil, ed. 1930—y debe entenderse que al promulgar la ley que invoca el demandante—artículo 79 del Código de Enjuiciamiento Civil tal como fué enmendado en 1928 (Ley núm. 34, pág. 225)—refiriéndose sólo al artículo 1803, 1802 del Código Civil, ed. 1930, no quiso comprender las acciones provenientes de injuria y calumnia. Si otra hubiera sido su intención habría hablado con la claridad que habló en la última enmienda hecha por ley (Núm. 18) de 11 de abril de 1935 (pág. 175) para regir el 11 de julio de 1935. El razonamiento que llevó a esta corte en el caso de *Alvarez* v. *American R. R. Co. of P. R.*, 48 D.P.R. 477, 479, a concluir que la enmienda abarcaba el artículo 1803 no obstante no citarlo expresamente, es distinto, como puede verse de los términos en que aparece redactada la opinión.

La corte no tenía que aguardar a que la citada Ley de 1935 entrara en vigor para resolver el traslado. Sometídale la cuestión era su deber decidirla de acuerdo con la ley entonces vigente. Si el demandante estima que la nueva ley le favorece y que a ello tiene derecho, puede pedir que el caso vuelva a la corte del distrito en que tuvo su origen la causa del litigio.

*Debe declararse con lugar la moción y desestimarse por frívolo el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.