STANTON TRUST & SAVINGS BANK, APPELLANT, *v.* JOHNSON, RESPONDENT.

(No. 7,669.)

(Submitted March 3, 1937.  Decided March 9, 1937.)

[65 Pac. (2d) 1188.]

236

*Messrs. Cooper, Stephenson & Glover,* and *Mr. George H. Stanton,* for Appellant, submitted a brief; *Mr. Sam Stephenson, Jr.,* argued the cause orally.

*Mr. E. K. Cheadle, Jr.,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff is a Montana corporation with its offices and principal place of business in Great Falls, Cascade county. Defendant is the secretary and treasurer of the James A. Johnson Company, a Montana corporation with its office and principal place of business in Shelby, Toole county. Plaintiff is

alleged to be the owner of more than five per cent. of the capital stock of the James A. Johnson Company.

The complaint, which was filed in Cascade county, alleges that on the 19th day of July, 1936, plaintiff made a written request, by registered mail addressed to defendant at Shelby, demanding that he prepare and forward to plaintiff under oath a statement of the affairs of the James A. Johnson Company as contemplated by section 5957, Revised Codes, and that defendant has failed, neglected, and refused to comply with the demand. It asks for the recovery of the penalty provided by that section amounting to the sum of $3,180.

Defendant made a motion and demand for change of venue to Toole county, alleging in his affidavit of merits, in substance, that he is a resident of Toole county, and that the cause of action, or some part thereof, arose in Toole county; and that the James A. Johnson Company has its office and principal place of business in Shelby, Toole county, where it conducts all of its business. The motion for change of venue was granted, and this appeal followed.

Section 5957, after providing for the right of the owner of five per cent. of the capital stock of any corporation to demand from the treasurer a statement of the financial affairs of the corporation, contains this provision: "If such treasurer shall neglect or refuse to comply with any provisions of this chapter, he shall forfeit and pay to the person presenting said request the sum of fifty dollars, and the further sum of ten dollars for every twenty-four hours thereafter until such statement shall be furnished, to be sued for and recovered in any court having cognizance thereof."

The plaintiff contends that this is a special statute dealing with the class of actions embraced within its terms, and that the general statutes providing for a change of venue have no application; in other words, plaintiff takes the position that the statute undertakes to create the right to the penalty and prescribes the forum in which the remedy may be pursued, and that plaintiff may choose any court in the state having jurisdiction of such an action without any right in the de-

fendant to change the venue under any circumstances. If the statute were open to the construction contended for by plaintiff, then there would be merit in its contention. (6 Bancroft's Code Practice & Remedies, sec. 5277, p. 6906; and compare *State* v. *Marchindo,* 65 Mont. 431, 211 Pac. 1093.)

We think it was not the intention of the legislature by section 5957, supra, to repeal or change the then existing laws relating to the right of the defendant in an action to demand a change of venue. In *Brown & Root, Inc.,* v. *Durland,* (Tex. Civ. App.) 56 S. W. (2d) 516, the statute under consideration provided that the action there under consideration could be maintained "in any court and in any jurisdiction." The court there held that it did not affect the general venue statutes, saying: "We are of the opinion that it was not intended by the legislature that the provision in question should operate to fix venue in conflict with the provisions of the general venue statute. (Article 1995, R. S. 1925.) The Act did not purport in its title or elsewhere to be a venue statute, or to repeal existing statutory venue provisions." To the same effect is *Brown & Root, Inc.,* v. *Durland,* 126 Tex. 20, 84 S. W. (2d) 1073.

Any district court in the state would have jurisdiction to ▉ hear and determine the case. But there is an obvious distinction between "venue" and "jurisdiction." Jurisdiction is the authority to hear and determine a cause. Venue is the place of trial. The right to a change of venue is a privilege that may or may not be claimed by defendant. Neither consent nor waiver can confer jurisdiction but either may alter the place of trial.

We hold that section 5957, which was passed in 1867, did not, ▉ in creating the right of action therein provided for, supplant the general venue statutes then in effect and which were then re-enacted, one section of which is section 9094, Revised Codes of 1935. Section 9094 in part provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power

of the court to change the place of trial: 1. For the recovery of a penalty or forfeiture imposed by statute."

Defendant's failure to prepare the statement in question arose in Toole county, where he resides and where the corporation has its office and principal place of business and where its records are kept. The statute does not provide where or how delivery of the statement shall be made, but, as appears from the allegations of the complaint, plaintiff requested the statement be forwarded to it. The request came by registered mail and, obviously, delivery would have been complete and in answer to the request by depositing it in the mails at Shelby, Toole county. In consequence, defendant's alleged wrongful act occurred in Toole county; hence the cause arose in Toole county within the meaning of section 9094. (*Kalberg* v. *Greiner*, 91 Mont. 509, 8 Pac. (2d) 799; *National Supply Company-Midwest* v. *Abell*, 87 Mont. 555, 289 Pac. 577.)

The court properly granted the motion for change of venue, and the order appealed from is affirmed.

Mr. Chief Justice Sands and Associate Justices Stewart, Anderson and Morris concur.