Bruno Santos, demandante y apelante, *v.* Porto Rican Express Company, demandada y apelada.

Núm. 7555.—*Sometido:* Noviembre 3, 1937. *Resuelto:* Enero 28, 1938.

*Gelpí & Gelpí,* abogados del apelante; *Hartzell, Kelley & Hartzell* y *Rafael O. Fernández,* abogados de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

La cuestión aquí envuelta es si este caso debe ser juzgado en la Corte de Distrito de Mayagüez o en la Corte de Distrito de San Juan.

El demandante, traficante en armas de fuego, que hacía negocios bajo la razón social de Federal Sportcraft Co., alegó que los empleados de la demandada en Nueva York rotularon cierto embarque de revólveres y partes para los mismos como géneros de algodón (*cotton goods*) y que como resultado de esa falsedad el demandante estuvo sujeto a una investigación por los agentes de los gobiernos Federal e Insular y sufrió graves mermas en el negocio que tenía establecido en Añasco, dentro del distrito judicial de Mayagüez. La demandada, que es una corporación organizada bajo las leyes de Nueva York, y que hace negocios en Puerto Rico y tiene su oficina principal en San Juan, solicitó y obtuvo el traslado.

La regla general es que:

"Una corporación extranjera haciendo negocios en esta Isla que sea demandada en un distrito distinto del en que tiene el sitio principal de sus negocios tiene derecho a que la acción sea trasladada al distrito en que radica su dicha oficina principal." *Arcelay* v. *American Railroad Co.*, 38 D.P.R. 807.

El artículo 79 del Código de Enjuiciamiento Civil, según fué enmendado en 1935 (Leyes de ese año, pág. 175), lee en parte como sigue (bastardillas nuestras):

"Deberán verse *en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen*, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

" '1. Para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro *o para recobrar daños y perjuicios de acuerdo con los artículos 1803 y 1804 del Código Civil, edición de 1902 (artículos 1802 y 1803, edición 1930), o a virtud de cualquier otro precepto de ley . . . .* ' "

En el presente caso la causa de acción surgió en Nueva York, donde se realizó el acto que ocasionó el daño, y no en Añasco, donde se sufrió la pérdida. 67 C. J. 94, sección 152; Id. 45, sección 56; *Goodwin Preserving Co.* v. *Davis*, 258 S. W. 97; *Graves* v. *McCollum & Lewis*, 193 S. W. 217; *Kal-*

*berg* v. *Greiner,* 8 Pac. (2d) 799; *Jones* v. *Main Island Creek Coal Co.,* 99 S. E. 462; *Steed* v. *Harvey,* 54 Pac. 1011; 72 Am. St. Rep. 789, 794; *Gallup* v. *Sacramento and San Joaquín Drainage District,* 171 Cal. 71, 151 Pac. 1142; *Fresno National Bank* v. *Superior Court,* 83 Cal. 491; *Smith* v. *Smith,* 88 Cal. 572.

Por tanto, el caso cae dentro de la regla general y no dentro de la excepción.

*La resolución apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.