VICENTE USERA Y LASEDA, demandante y apelado, *v.* LUCE & Co., S. EN C., demandada y apelante.

Núm. 8101.—*Sometido:* Enero 23, 1941. *Resuelto:* Marzo 20, 1941.

*Hartzell Kelley & Hartzell* y *Rafael O. Fernández,* abogados de la apelante; *Erasto Arjona Siaca,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Vicente Usera entabló demanda en la Corte de Distrito de Ponce en reclamación de diez y seis mil doscientos noventa

y ocho dólares de daños y perjuicios por incumplimiento de contrato, invocando expresamente el artículo 1054 del Código Civil, ed. 1930.

La demanda contiene dos causas de acción. Exponiendo la primera se dice que el actor reside en Ponce y que la demandada es una sociedad civil agrícola con oficina principal en Salinas; que el demandante dió en arrendamiento a la demandada trece fincas rústicas situadas en el término municipal de Santa Isabel, por plazo de quince años a vencer en junio 30, 1939; que la demandada asumió además de las obligaciones legales, las contractuales que especifica, y que al vencerse el contrato y entregársele las fincas, el demandante las inspeccionó y encontró que la demandada había cometido nueve infracciones legales y seis contractuales que separadamente señala causándole daños y perjuicios por valor de $14,798.

Para fundar la segunda causa de acción se reproducen los hechos de la primera y se alega que el demandante arrendó a la demandada otra finca rústica situada en el término municipal de Santa Isabel que describe, sujeta a las obligaciones de ley y a las contractuales que especifica, habiendo infringido las que señala, causándole daños y perjuicios por valor de $1,500.

La demandada presentó una moción eliminatoria, una excepción previa y una petición de traslado a la corte del distrito de su residencia, Guayama, por tratarse de una acción personal, acompañada de un *affidavit* de méritos. Se opuso al traslado el demandante y la corte lo denegó así:

"...la corte entiende que, de acuerdo con el inciso 1 del artículo 79 del Código de Enjuiciamiento Civil de Puerto Rico, tal como quedó enmendado por la Ley núm. 18 de 11 de abril de 1935, el presente pleito, que es para recobrar daños y perjuicios de acuerdo con el artículo 1054 del Código Civil de Puerto Rico (edición de 1930), debe verse en el distrito correspondiente, o sea, en esta Corte de Distrito del Distrito Judicial de Ponce, al que pertenece el Municipio de Santa Isabel."

No conforme la demandada, apeló. Señala dos errores como cometidos por la corte de distrito al resolver que el caso cae bajo las disposiciones del inciso primero del artículo 79 del Código de Enjuiciamiento Civil, ed. 1933, como enmendado por la Ley núm. 18 de 1935 ((1) pág. 175) y al denegar el traslado. La existencia del segundo depende de la del primero.

El lugar para la celebración de los juicios en asuntos civiles está regulado en el título quinto del Código de Enjuiciamiento Civil, artículos 75 al 86.

En este caso se trata del ejercicio de una acción personal—la de daños y perjuicios por incumplimiento de contratos—y en tal virtud de acuerdo con la regla general contenida en el artículo 81, el pleito debería verse en el distrito de la residencia del demandado, a no ser que se hubiere dispuesto por la ley otra cosa.

La parte demandante sostiene que esa disposición existe y está contenida en el artículo 79 como enmendado por la Ley núm. 18 de 1935, pág. 175, y sabemos que la corte sentenciadora le dió la razón. La parte demandada alega que esa disposición legal no tiene el alcance que le atribuyen la corte y el demandante y en su consecuencia que la aplicable sigue siendo la regla general.

Ambos artículos el 81 y el 79 de nuestro Código de Enjuiciamiento Civil proceden del continente. El 81 equivale al 395 del Código de Enjuiciamiento Civil de California y al 3182 del Código de Enjuiciamiento Civil de Idaho (1901) y ha permanecido inalterado desde el 1904 en que nuestro Código se aprobara; el 79 equivale al 393 del Código de Enjuiciamiento Civil de California y al 3180 del Código de Enjuiciamiento Civil de Idaho (1901) y ha sufrido alteraciones.

Tal como estaba redactado originalmente decía, en su número primero que es el que está en controversia:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la

facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1. Para obtener el importe de una indemnización o confiscación, excepto cuando se decreta por un delito cometido en una extensión de agua colindante con dos o más distritos, en cuyo caso la demanda podrá entablarse en cualquier distrito contiguo a dicha extensión de agua y frente al sitio en que se cometió el delito."

En 1928, por Ley núm. 34, pág. 225, fué enmendado, ampliándose como sigue:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1. *Para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro o para recobrar daños y perjuicios de acuerdo con el artículo 1803 del Código Civil,* o para obtener el importe de una confiscación, excepto cuando se decreta por un delito cometido en una extensión de agua colindante con dos o más distritos, en cuyo caso la demanda podrá entablarse en cualquier distrito contiguo a dicha extensión de agua y frente al sitio en que se cometió el delito."

Las itálicas contienen la ampliación.

Siete años después, en 1935, por Ley núm. 18 de ese año, pág. 175, volvió a enmendarse, ampliándolo como sigue:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1. Para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro o para recobrar daños y perjuicios de acuerdo con los artículos 1803 *y 1804* del Código Civil, edición de 1902 (artículos 1802 *y 1803,* edición de 1930), *o a virtud de cualquier otro precepto de ley,* o para obtener el importe de una confiscación, excepto cuando se decreta por un delito cometido en una extensión de agua colindante con dos o más distritos en cuyo caso la demanda podrá entablarse en cualquier distrito contiguo a dicha extensión de agua y frente al sitio donde se cometió el delito."

A así rige en la actualidad y regía cuando este caso fué resuelto por la corte del distrito. Las itálicas contienen la ampliación.

De modo claro separó el legislador de la regla general por sus enmiendas disponiendo que deberían verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, las acciones personales que se ejercitaren:

(a) para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de seguros,

(b) para recobrar daños y perjuicios de acuerdo con los artículos 1802 y 1803 del Código Civil, edición 1930,

(c) para recobrar daños y perjuicios a virtud de cualquier otro precepto de ley.

Y la corte sentenciadora habiendo en consideración que de los hechos alegados en la demanda surgía que las infracciones legales y contractuales originadoras de los daños y perjuicios reclamados habían ocurrido en el término municipal de Santa Isabel y por tanto dentro de su distrito y que la acción ejercitada era la autorizada por el artículo 1054 del Código Civil, ed. 1930, que dispone que "quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas", decidió que el caso estaba cubierto por la enmienda de 1935 y que era ella la corte donde por ministerio de la ley debía celebrarse el juicio.

En un alegato bien meditado y trabajado la parte apelante sostiene que exponiendo el artículo 81 la regla general—que se ajusta a la tendencia moderna de que sea la condición personal más bien que la territorial la que prevalezca para la fijación del sitio en que deban ventilarse las acciones (67 C. J. 19, 24)—la excepción debe constar en términos expresos, inequívocos, especialmente cuando se trata de despojar a una parte de un derecho valioso como lo es el que tiene el demandado a que el pleito se tramite en el distrito de su residencia. Y argumenta y concluye que la

frase adicionada "o a virtud de cualquier otro precepto de ley" sólo significa "cualquier otro precepto de ley similar a los artículos 1803 y 1804 del Código Civil, ed. 1902 (1802 y 1803, ed. 1930.)"

Llama entonces la atención hacia el hecho de que la responsabilidad en los casos de los artículos citados del Código Civil está limitada a la proveniente de culpa o negligencia, cita a ese efecto la opinión de Manresa, vol. 12, pág. 612, ed. 1911 y sostiene que derivándose la acción ejercitada en este caso de un contrato, no es de naturaleza similar, y no está en su consecuencia cubierta por el estatuto.

En apoyo de esa interpretación limitadora del alcance de la excepción a la regla general que la enmienda de 1935 contiene, invoca las máximas *"expressio unius est exclusio alterius"*, *"ejusdem generis"* y *"noscitur a sociis"*, citando casos en los cuales dichas máximas han sido aplicadas.

Sin embargo, el esfuerzo mental realizado por la apelante no nos convence de que la corte sentenciadora errara al interpretar y aplicar la ley siguiendo el significado usual de sus palabras y la aparente intención legislativa al ampliar el radio de acción del estatuto.

Los artículos 79 y 81 del Código de Enjuiciamiento Civil han sido interpretados repetidas veces por esta Corte Suprema. En *Font* v. *Castro,* 33 D.P.R. 784, 788, la corte, por medio de su Juez Asociado Sr. Franco, dijo que en el 81 se prescribía para "los casos no comprendidos en los artículos anteriores, el derecho absoluto de un demandado a que se vea el pleito en el distrito de su residencia." De suerte que estamos enteramente conformes con la apelante en que la regla general en casos de acciones personales es que el pleito se vea en el distrito de la residencia del demandado. Y también lo estamos en que se trata de un derecho valioso del que no puede privarse al demandado a menos que otra cosa disponga el legislador.

En lo que no estamos conformes es en que la nueva regla sentada tenga el limitado alcance que le fija la apelante. A

nuestro juicio esa regla hablando por sí misma determinó que deberían verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, además de los pleitos seguidos para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza y de los iniciados para recobrar daños y perjuicios de acuerdo con los artículos 1802 y 1803 del Código Civil, ed. 1930, los establecidos a virtud de cualquier otro precepto de ley. Y sería forzar demasiado el pensamiento legislativo predicar en absoluto ese otro precepto de ley a los anteriormente citados. La enmienda es independiente, tiene vida por sí misma, y en tal sentido es que amplía el radio de acción del estatuto.

Admitimos la naturaleza especial de las acciones derivadas de culpa o negligencia. Están reguladas en el capítulo segundo del título diez y seis del libro cuarto del Código Civil. El libro cuarto abarca, en general, las obligaciones y contratos, el título diez y seis las obligaciones que se contraen sin contrato y su capítulo segundo las que nacen de la culpa y negligencia.

La acción aquí ejercitada no se funda en el título diez y seis del libro cuarto del Código Civil. Aquí las partes contrataron un arrendamiento y una de ellas alegando la violación por parte de la otra de determinadas obligaciones legales que el contrato llevaba consigo y de otras especificadas en el mismo, la demandó, invocando para ejercitar su acción el artículo 1054 del Código Civil que sujeta a indemnización a los que en el cumplimiento de sus obligaciones causen daños y perjuicios, al incurrir en dolo, negligencia o morosidad, o al contravenir de cualquier modo el tenor de las mismas.

Toda obligación consiste en dar, hacer o no hacer alguna cosa. Las obligaciones nacen de la ley, de los contratos y cuasi contratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia. Artículos 1041 y 1042 del Código Civil, ed. 1930.

De cinco fuentes distintas emanan, pues, las obligaciones de acuerdo con nuestro Código Civil. La ley, que como fuente especial no figuraba en el derecho romano, fué agregada por el legislador español y ha permanecido. Tratando de fijar los verdaderos límites de esa fuente especial, ya que el elemento ley se encuentra siempre de algún modo entremezclado entre las otras, dice Manresa:

"Concurriendo siempre la ley y un hecho particular para el nacimiento de obligaciones, la distinta misión, importancia y, por decirlo así, actividad que para tal resultado tienen en cada caso aquellos dos elementos, hacen que, según predominen, pueda decirse que del uno o del otro se deriva la obligación. Cuando, con relación a ésta, la ley no hace más que garantizar su cumplimiento y exigibilidad, dando forma y garantía a la fuerza creadora del acto que engendra a aquélla, o aun más, expresa que tal obligación se deriva de un contrato o de un delito, o que es esencial del mismo, no puede decirse que sea la ley origen de esas obligaciones, puesto que a lo sumo las regula, o aun las declara, pero siempre como efectos derivados de un hecho, cuya naturaleza determina para atribuirle la eficacia que cree debe tener. Pero cuando la ley no se limita a poner bajo su influencia las consecuencias de un hecho origen de obligaciones, sino que por sí misma las establece, limitando la importancia e influjo del hecho a ser mero cumplimiento del supuesto legal, que indica el momento, que determina la ocasión para que comience a ser exigible la obligación virtualmente contenida en el precepto legal, entonces en éste tendrá su origen aquélla." 8 Manresa. Comentarios al Código Civil 17, 4ª. ed.

Y Scaevola comenta:

"La ley es, sin duda, como reconocen todos los tratadistas, la primera fuente de las obligaciones, por cuanto emana del Estado, y el Estado es el poder social que dirige, regula, determina y contiene la actividad de todos los ciudadanos, armonizando sus mutuas relaciones.

"Por manera que cuando se dice que un contrato produce una obligación, se entiende que esta obligación toma su fuerza en la ley que la permite contraer; y si, en efecto, es exigible, débelo a la ley, que la ha abierto camino en el campo de los libres desenvolvimientos de la actividad, y que ayudará con sus dictados a hacerla cumplir.

"Pero de la ley nacen unas obligaciones directamente y otras indirectamente; unas que se enlazan con ella sin intermedio, y otras que suponen un acto de voluntad que las sirve de precedente inmediato.

"Las primeras son las propiamente comprendidas en el grupo de obligaciones que nacen de la ley. Se trata en estos casos de asuntos de orden público, en que, como es sabido, el interés particular cede siempre por su menor importancia ante el social. La ley impone entonces a las personas las obligaciones cuyo cumplimiento se considera preciso para la convivencia de los ciudadanos, y la voluntad de éstos no entra de ninguna manera a definir la obligación, ni siquiera el más o el menos de la restricción de libertad en que la misma consiste.

"A este género de obligaciones corresponden todas las del derecho público, político y administrativo. El servicio militar, el pago de las contribuciones, la intervención en el Jurado, la comparecencia como testigos, etc., son de esta clase. Su cantidad, como se comprende fácilmente, es innumerable, puesto que entran en el mismo grupo cuantas obligaciones se derivan de la Constitución del Estado y de todas las leyes y reglamentos políticos y administrativos.

"Siguen a éstas las obligaciones de orden civil impuestas por los Códigos civil y comercial....nos limitaremos a indicar que tienen tal carácter las que, como antes se dijo, conciernen al orden público; por ejemplo, las relaciones de familia y de tutela, los gravámenes forzosos de la propiedad, las hipotecas legales, etc., etc. La obligación de alimentar al hijo, la de ser tutor del huérfano, la de dar paso por nuestra finca al propietario de la colindante, la de asegurar con nuestros bienes los que recibimos por vía de dote, son otras tantas obligaciones que nacen de la ley, que eran llamadas por los romanos *ex lege,* que no dependen para nada de la voluntad del obligado, que se imponen a ella dura e inevitablemente, y son de forzoso cumplimiento, con equiescencia de la persona o sin ella." 19 Scaevola, Código Civil, 376.

Como puede verse, tampoco se trata aquí de una obligación que nazca exclusivamente de la ley. Se trata en verdad de una obligación nacida como consecuencia de violaciones a un contrato que se ejercita de acuerdo con la ley.

El artículo 79 del Código de Enjuiciamiento Civil que interpretamos no requiere que la obligación violada nazca de la ley. Se refiere a acciones para reclamar daños y per-

juicios *"de acuerdo* con los artículos 1802 . . ." o *"a virtud* de cualquier otro precepto legal."

Hechos y ley se complementan lo mismo en los contratos que en los cuasi contratos y en las obligaciones provenientes de culpa y negligencia. La nota determinante para fijar el lugar del juicio aplicando la regla del artículo 79, es, según nuestro criterio, la de que se entable *una acción para recobrar daños y perjuicios de acuerdo con los artículos del Código Civil que expresamente menciona o a virtud de cualquier otro precepto de ley,* como lo es el artículo 1054 del propio Código Civil.

Ya esta corte tuvo oportunidad de dejar entrever su opinión en ese sentido al resolver el caso de *Zayas Pizarro* v. *Molina,* 48 D.P.R. 920.

Poco antes había decidido el de *Alvarez* v. *American R. R. Co. of P. R.,* 48 D.P.R. 477. Para entonces regía el artículo 79 sólo como enmendado en 1928, esto es, citando únicamente el artículo 1802 ed. 1930, y se sostenía que no citándose expresamente el artículo 1803, ed. 1930 y tratándose de una acción ejercitada para exigir daños y perjuicios de acuerdo con el precepto no citado, la aplicable era la regla de la residencia del demandado y no la del lugar en que la causa del litigio se hubiere originado, y esta Corte resolvió:

"El motivo que guiara al legislador para extender la responsabilidad puede ser interpretado de modo diferente, pero la realidad es que la impuso y que la regla del artículo 1803—1802 ed. 1930— es la aplicable tanto en el caso de que la acción de daños y perjuicios se inicie contra la persona que directamente ocasiona el daño interviniendo culpa o negligencia, cuanto en el de que se establezca contra la persona responsable por los actos de la que por su culpa o negligencia lo ocasiona, debiendo en ambos casos sustanciarse los pleitos en el distrito en que la causa del litigio tuvo su origen, tal como determina el artículo 79 del Código de Enjuiciamiento Civil, ed. 1933." Pág. 480.

Transcurrieron algunos meses y fué resuelto el citado caso de *Zayas Pizarro* v. *Molina,* supra, en el sentido de que "una acción de daños y perjuicios provenientes de injuria y calum-

nia no está comprendida en el artículo 79 del Código de Enjuiciamiento Civil como enmendado en 1928.'' Y en el curso de la opinión se dijo:

''...El legislador fué específico en el caso, separando las acciones no ya al decretar la ley especial si que al referirse a ellas dentro del precepto general del Código que también cita el juez sentenciador—artículo 1868 del Código Civil, ed. 1930—y debe entenderse que al promulgar la ley que invoca el demandante—artículo 79 del Código de Enjuiciamiento Civil tal como fué enmendado en 1928 (Ley núm. 34, pág. 225)—refiriéndose sólo al artículo 1803, 1802 del Código Civil, ed. 1930, no quiso comprender las acciones provenientes de injuria y calumnia. Si otra hubiera sido su intención habría hablado con la claridad que habló en la última enmienda hecha por ley (núm. 18) de 11 de abril de 1935 (pág. 175) para regir el 11 de julio de 1935.''

A primera vista nos pareció entonces que el legislador había hablado con claridad al extender su regla fijada para los artículos 1802 y 1803 del Código Civil, ed. 1930, esto es, para las reclamaciones de daños y perjuicios provenientes de culpa o negligencia, a todas las otras reclamaciones de daños y perjuicios ejercitadas a virtud de cualquier otro precepto legal y ahora tras un estudio detenido reafirmamos nuestro criterio.

Las máximas invocadas por la apelante no son aplicables porque ellas sólo se toman en consideración cuando se hace necesario interpretar preceptos en que el legislador no ha hablado claramente, como lo hizo en este caso.

*Debe declararse sin lugar el recurso y confirmarse la resolución apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.