ROBERTO CASTELLÓN, demandante y apelado, *v.* CARMEN PADÍN y su esposo PRUDENCIO COLLAZO, y JOAQUÍN PADÍN, demandados y apelantes la primera y el último.

Núm. 8292.—*Sometido:* Junio 17, 1941. *Resuelto:* Julio 23, 1941.

*Abelardo Casanova Prats,* abogado de los apelantes; *Ortiz Toro & Ortiz Toro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Roberto Castellón presentó demanda en la Corte de Distrito de San Juan contra Carmen Padín y su esposo Prudencio Collazo y Joaquín Padín, reclamando de éstos la suma de $3,000 más intereses legales, costas y honorarios de abogado por concepto de daños y perjuicios que le fueron oca-

sionados como consecuencia de un embargo trabado sobre ciertos bienes de su propiedad, situados en Caguas, en un caso anterior fallado a su favor y en el que los demandados suscribieron una fianza para responder de los mismos.

La codemandada Carmen Padín solicitó el traslado del caso a la Corte de Distrito de Humacao, basándose en que los daños alegados se ocasionaron en Caguas que corresponde a dicho distrito judicial. La corte inferior declaró sin lugar la moción a virtud de la siguiente resolución:

"La demanda expone, en síntesis, que los demandados suscribieron una fianza por $3,000, que se radicó en esta corte para responder al demandante de los daños que le pudiera causar un embargo, que el embargo se trabó sobre bienes sitos en el distrito de Humacao y causó al demandante daños por valor de más de $3,000, y que se trabó indebidamente. Solicita se condene a los demandados a pagar $3,000, con intereses y costas.

"Los demandados han radicado mociones de traslado, excepciones previas, y una moción eliminatoria.

"Se solicita el traslado porque según los demandados se trata de una acción de daños y perjuicios, y la demanda demuestra que los daños se sufrieron en el distrito de Humacao.

"No se trata de una acción por daños y perjuicios, sino de una acción fundada en un contrato en que los demandados se obligaron a pagar dinero sujeto a dos contingencias, a saber, que el embargo resultare indebido, y que ocasionare daños. La obligación del demandado no surge, pues, ni del artículo 1803 del Código Civil, ni de ningún otro precepto estatutario, sino de un contrato, y no son por lo tanto aplicables las disposiciones del artículo 79 del Código de Enjuiciamiento Civil. Mas aun cuando se tratare de una acción de daños y perjuicios dentro del significado del artículo citado, tampoco procedería el traslado, ya que el distrito donde debe verse el caso es aquel en que se realizó por el demandado el acto que ocasionó el daño, y no aquel en que ocurriera el daño, *Santos* v. *Porto Rican Express Co.*, 52 D.P.R. 571, y en este caso no aparece de la demanda que los demandados, o agente alguno de ellos, ejecutara acto alguno en el distrito de Humacao.

"Las excepciones previas son frívolas y no merecen discusión. En cuanto a la moción eliminatoria, a nada conducirían las eliminaciones solicitadas.

"Por los motivos expuestos, se declaran sin lugar las mociones de traslado, las excepciones previas, y la moción eliminatoria, y se concede a los demandados un plazo de 10 días para radicar su contestación."

■ En el caso de *Cintrón* v. *Insular Industrial & Agricultural Corporation Association, et al.,* 58 D.P.R. 821, se ratificó la jurisprudencia anterior al efecto de que las acciones de esta naturaleza, aun cuando dependan en cuanto a la cuantía de los daños a reclamar de los fiadores en el contrato de fianza, son de carácter *ex delicto,* y se dijo:

"La causa de acción sobre daños y perjuicios...se originó independientemente del contrato de fianza. Ésta se otorgó precisamente para responder...de los daños y perjuicios que la actuación torticera de la demandada...pudiera ocasionarle al embargar sus bienes en la acción anterior y por tanto, la acción surge y es consecuencia de la culpa (*tort*) de dicha demandada y no del contrato de fianza."

El primer motivo expuesto por la corte inferior para denegar el traslado fué erróneo.

■ Ahora bien, el artículo 79 del Código de Enjuiciamiento Civil, según quedó enmendado en 1935 (Leyes de ese año, pág. 175) lee en parte como sigue:

"Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

" '1. Para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro o para recobrar daños y perjuicios de acuerdo con los artículos 1803 y 1804 del Código Civil, edición de 1902 (artículos 1802 y 1803, edición 1930), o a virtud de cualquier otro precepto de ley...' "

La demandada en el caso de autos no solicitó el traslado a Humacao porque se trate de una acción personal y ser aquél el distrito de su residencia, sino basado en el artículo 79, supra. Como hemos visto la corte inferior expuso, como segundo motivo para denegarlo, el de que aún cuando se tratara de una acción de daños y perjuicios dentro del significado del artículo citado, tampoco procedería "ya que el distrito donde debe verse el caso es aquel en que se realizó por

el demandado el acto que ocasionó el daño y no aquel en que ocurriera el daño'' y citó el caso de *Santos* v. *P. R. Express Co.*, 52 D.P.R. 571.

Los hechos en el caso de Santos, según se exponen, fueron los siguientes:

"El demandado, traficante en armas de fuego, que hacía negocios bajo la razón social de Federal Sportcraft Co., alegó que los empleados de la demandada en Nueva York rotularon cierto embarque de revólveres y partes para los mismos como géneros de algodón (cotton goods) y que como resultado de esa falsedad el demandante estuvo sujeto a una investigación por los agentes de los gobiernos Federal e Insular y sufrió graves mermas en el negocio que tenía establecido en Añasco, dentro del distrito judicial de Mayagüez. La demandada, que es una corporación organizada bajo las leyes de Nueva York, y que hace negocios en Puerto Rico y tiene su oficina principal en San Juan, solicitó y obtuvo el traslado."

Se citó la regla general al efecto de que:

"Una corporación extranjera haciendo negocios en esta Isla que sea demandada en un distrito distinto del en que tiene el sitio principal de sus negocios tiene derecho a que la acción sea trasladada al distrito en que radica su dicha oficina principal. *Arcelay* v. *American Railroad Co.*, 38 D.P.R. 807.''

Y se resolvió que:

"En el presente caso la causa de acción surgió en Nueva York, donde se realizó el acto que ocasionó el daño, y no en Añasco, donde se sufrió la pérdida. (Citas.) . . . . ''

"Por tanto, el caso cae dentro de la regla general y no dentro de la excepción.''

Los hechos que dieron lugar a la conclusión en el caso de Santos son distintos a los del caso de autos. Se trataba allí de una corporación extranjera que fué demandada en un distrito distinto a aquel en que tenía el sitio principal de sus negocios y el acto que ocasionó el daño se efectuó en Nueva York, aun cuando las pérdidas se sufrieron en Añasco.

En el de autos tanto el acto que ocasionó el daño alegado como las pérdidas sufridas se alegan expresamente en la

demanda que ocurrieron en Caguas. Se embargó una destilería situada en dicha ciudad o sea el acto que ocasionó el daño y se alega que como consecuencia el demandante sufrió daños por $3,000.

Somos de opinión que de acuerdo con el artículo 79 del Código de Enjuiciamiento Civil, supra (véase la amplia discusión sobre el alcance del mismo en el reciente caso de *Usera* v. *Luce & Co., S. en C.,* 58 D.P.R. 290), la moción de traslado debió declararse con lugar.

*Se revoca la resolución apelada y se ordena el traslado del caso a la Corte de Distrito de Humacao.*