No. 90-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CLERK OF CU
STATE

SHIRLEY SPENCER,
      Plaintiff and Appellant,
-vs-
B. J. UKRA, individually and B. J. UKRA AND ASSOCIATES,
BUSINESS MANAGEMENT AND TAX CONSULTANTS,
      Defendants and Respondents.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

          George T. Radovich, Billings, Montana

          For Respondent:

          Scott G. Gratton, Anderson Brown Law Firm, Billings,
          Montana

                                Submitted: October 19, 1990

                                  Decided: January 10, 1991

Filed:

_____
               Clerk

Justice John C. Sheehy, delivered the Opinion of the Court.

Plaintiff Shirley Spencer appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, dismissing her complaint against defendants B. J. Ukra, individually, and B. J. Ukra and Associates, and Business Management and Tax Consultants, for lack of personal jurisdiction. We reverse.

The sole issue raised by the parties on appeal is whether the District Court erred in granting Ukra's motion to dismiss for lack of personal jurisdiction. The District Court had concluded that service of the Ukra defendants in California pursuant to Montana's Long Arm Rule, 4B(1), M.R.Civ.P., was deficient because the District Court found that the exercise of jurisdiction over the Ukra defendants in the case at bar through service of summons under the Long Arm Rule would not be reasonable.

We have no need to determine those grounds on appeal however, because the District Court record shows that the Ukra defendants, before they raised the question of personal jurisdiction, had made a general appearance in the District Court action and subjected themselves to the jurisdiction of the District Court.

The complaint and the summons issued out of the Yellowstone County District Court in this case were served upon the defendants in California on January 6, 1989.

On February 9, 1989, there having been no appearance made by the Ukra defendants, on motion of counsel for the plaintiff, the District Court clerk entered the default of the Ukra defendants.

On March 7, 1989, the Ukra defendants, through their counsel, filed a written motion to set aside the default pursuant to Rules 55(c) and 60(b) M.R.Civ.P. The written motion recited that the summons and complaint were served on January 6, 1989; that the Ukra defendants retained Montana counsel on March 4, 1989; that plaintiff's counsel had stipulated to setting aside the default and that the defendants' motion to set aside the default was made solely upon the grounds that through inadvertence and excusable neglect the defendants had failed to make an appearance within the time allowed by law. The concluding paragraph of the written motion stated:

> Therefore, Defendants hereby request an order setting aside the default issued by this Court and appear herewith and ask leave of Court allowing Defendants (20) days to file a response to the complaint. (Emphasis added.)

On March 20, 1989, counsel for the Ukra defendants filed in the District Court two stipulations between counsel. One stipulation was to the effect that the default entered against the defendants could be set aside and that the defendants have 20 days thereafter within which to file "a response to the Complaint in this action." The second stipulation provided that the Ukra defendants would have to and including April 11, 1989, to answer and respond to the plaintiff's combined discovery requests propounded "upon" them on January 6, 1989.

On March 22, 1989, the District Court entered its order setting aside the default, based upon the motion of the Ukra defendants, and pursuant to the stipulation between counsel and

granted the defendants 20 additional days within which to file "a response to the complaint in this action."

On April 10, 1989, the defendants filed a motion in the District Court to dismiss the action for lack of personal jurisdiction and failure to state a claim pursuant to Rule 12(b), M.R.Civ.P.

Thereafter, after a series of briefs, motions for discovery and to compel discovery, and orders for the same, the District Court, on June 8, 1990, dismissed plaintiff's action for lack of jurisdiction over the defendants. It is from this order that plaintiff appeals.

The first appearance of the Ukra defendants in this case was a motion to set aside the judgment, based solely upon inadvertence and excusable neglect. No issue was raised at that time or in that motion of the lack of personal jurisdiction over the defendants. Motions to vacate a judgment on the ground of mistake, inadvertence, accident, surprise, or excusable neglect, and not on jurisdictional grounds, have been held to constitute a general appearance. 5 Am. Jur. 2d Appearance § 32, at 505-06.

The general rule is stated thusly:

> Personal jurisdiction may be acquired over a nonresident by his voluntary general appearance. If he makes such an appearance in person or by attorney, he submits himself to the jurisdiction of the court and the court may make a personal adjudication against him; he cannot, if unsuccessful, avoid the effect of the judgment or other decision by urging that he was a nonresident and that the court pronouncing judgment against him had no jurisdiction over him.

5 Am. Jur. 2d Appearance § 11, at 488.

This rule of general appearance is also established in Montana. In Haggerty v. Sherburne Mercantile Co. (1947) 120 Mont. 386, 395, 186 P.2d 884, 891, this Court said:

In Gravelin v. Porier, 77 Mont. 260, 274, 250 P. 823, 826 this Court said: "In fact, any act which recognizes the case as in court constitutes a general appearance, and even in the face of a declared contrary intention, a general appearance 'may arise by implication from the defendant seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself and detrimental to the plaintiff,' other than one contesting only the jurisdiction of the court." (Citing authority.)

The voluntary general appearance by the defendant is a waiver of the issuance or service of the summons and consequently of any defects or irregularities therein. Haggerty, 186 P.2d at 890.

Haggerty was decided before the adoption by this Court of our Rules of Civil Procedure modeled on the federal Rules. It is true that ordinarily, a defendant pleading under Rule 12(b), M.R.Civ.P., may raise the issue of lack of jurisdiction over the person, by motion, which shall be made before pleading further if a further pleading is permitted, or the objection to personal jurisdiction may be combined with other general defenses. However even under our Rules of Civil Procedure, such objection to lack of personal jurisdiction must be made at the time of the initial appearance in the District Court.

The point is illustrated in the Colorado case of Weaver Construction Co. v. District Court for El Paso City, (Colo. 1976), 545 P.2d 1042. In that case, involving two defendants, one had been served properly with summons and complaint, and the other had not. They filed a joint motion to set aside a default judgment

under Colorado's Rule 60(b) on the grounds (1) that there was a meritorious defense, and (2), that the judgment was void for lack of proper service. The Court stated the effect of those grounds:

> On or about October 15, 1975, defendants Robert and Joy Grinnell, through counsel, filed several documents with the District Court: an entry of special appearance, a motion to quash service of process, and a statement of meritorious defense. The filing of these documents was an attempt to appear solely for the purpose of contesting personal jurisdiction. Had the district court found that personal jurisdiction existed, then in the alternative the Grinnells would have entered a general appearance for the purpose of setting aside the default judgment and receiving a trial on the merits. Their statement of meritorious defense specified several grounds of defense to the merits of the allegations in the complaint.
>
> A hearing on the motions was conducted on October 27, 1975. The trial judge set aside the default judgment as to Robert Grinnell because of the lack of proper service and process, and as to Joy Grinnell because of 'excusable neglect,' and the presence of the statement of meritorious defense.

Weaver, 545 P.2d at 1044.

The Colorado Supreme Court held that as to the person not served, the default judgment was vacated, but as to the other, the one moving for excusable neglect, the default was merely vacated. The Court explained as follows:

> The general appearance subjected Robert Grinnell only to the jurisdiction of the court from the date of the appearance, and is not retroactive as to validate the void judgment. (Citing authority.) The subsequent filing of an entry of special appearance as an alternative pleading would have constituted a special appearance, avoiding the continuing jurisdiction of the court, had it been his initial appearance. However, once a person subjects himself to the jurisdiction of the court by entering a general appearance, he cannot withdraw the earlier appearance and escape the jurisdiction of the court. (Emphasis supplied.)

Weaver, 545 P.2d at 1046.

6

In the case at bar, the Ukra defendants, having moved the court to set aside the default in their initial appearance, without at the same time preserving the question of lack of personal jurisdiction, consented to the general jurisdiction of the court and their appearance was general. This conclusion is also fortified by a written "Notice of Appearance" also filed by defendants on March 7, 1989, in the District Court which stated as follows:

> PLEASE TAKE NOTICE that the firm of Anderson, Brown, Gerbase, Cebull, Fulton, Harman, and Ross, P.C., by Scott G. Gratton, appears herein for the defendants B. J. Ukra, individually, and B. J. Ukra and Associates, Business Management and Tax Consultants and requests that you make service of all pleadings at the firm address.

The foregoing notice of appearance also, under our statutes, is an appearance. The pertinent statute provides:

> 25-3-401. Notice Requirements After Appearance of Defendant. A defendant appears in an action when he answers, files a motion, or gives the plaintiff written notice of his appearance or when an attorney gives notice of appearance for him or has such appearance entered in open court. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings in which notice is required to be given. (Emphasis supplied.)

The rule is that a party defendant may not first make the general appearance or file a motion submitting to the general jurisdiction of the court, which motion in effect recognizes the validity of the action taken by the court against him, and then later disputes the personal jurisdiction of the court over the defendant. Collings v. Phillips (Wis. 1972), 194 N.W.2d 677. Because the Ukra defendants made an initial appearance to vacate the default without reserving the question of personal

jurisdiction, their appearance was general, and waived all irregularities with respect to the service of process. Accordingly, the decision of the District Court is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8