No. 97-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 32

SPIKER COMMUNICATIONS, INC.,
a Montana Corporation,

Plaintiff and Appellant,

v.

STATE OF MONTANA, through its DEPARTMENT OF
COMMERCE and DEPARTMENT OF ADMINISTRATION;
JON NOEL, Director of Department of Commerce; MATTHEW
COHN, Director of Montana Tourism Development and
Promotion Division; and NYLA J. JOHNSON, Contracts
Manager, Purchasing Bureau, Department of Administration,

Defendants and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Christopher B. Swartley, Jon G. Beal; Datsopoulos, MacDonald &
                Lind, Missoula, Montana

        For Respondents:

                Norman C. Peterson, Agency Legal Services, Helena, Montana

FILED

FEB 18 1998

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: February 5, 1998
Decided: February 18, 1998

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant Spiker Communications, Inc. (Spiker) appeals from the order of the Fourth Judicial District Court, Missoula County, granting Respondent State of Montana's motion for change of venue and ordering venue moved to the First Judicial District Court, Lewis and Clark County. We reverse and remand.

¶2 Spiker raises the following issues on appeal:

¶3 1. Did the District Court err in granting the State's request for change of venue when the State failed to object to venue in its first filing in the District Court?

¶4 2. Did the District Court err in changing venue from Spiker's county of residence to Lewis and Clark County, the venue designated as the only proper venue in the State's Request for Bid Proposal?

We find issue one dispositive, and, therefore, we will not address issue two.

## Factual and Procedural Background

¶5 In October 1995, the purchasing bureau of the Department of Administration (the Bureau) released a request for proposal (RFP) to Spiker and to Wendt Advertising, qualified businesses, seeking to award a contract to provide marketing and advertising for the Montana Tourism Development and Promotion Division of the Department of Commerce. The RFP was issued in accordance with § 18-4-304, MCA, and § 2.5.602, ARM, which require that bid proposals be sealed and kept confidential. Both Spiker and Wendt Advertising responded with formal, signed proposals.

¶6    According to Spiker, on November 27, 1995, Spiker informed the Bureau's contracts manager that Spiker's confidential information had been provided to Wendt Advertising. The next day, Spiker notified the Bureau in writing of the irregularity in the procurement process. A few days later, Matthew Cohn (Cohn), Director of the Montana Tourism Development and Promotion Division, informed Spiker that he had shared the information contained in Spiker's RFP with Wendt Advertising.

¶7    On January 4, 1996, Cohn notified Spiker that the State was awarding the contract to Wendt Advertising. Spiker again notified the Bureau of the alleged irregularities in the procurement process, but the Bureau still did not conduct an internal review of the complaint. Spiker then contacted the Director of the Department of Commerce, who allegedly told Spiker that it was not harmed by Wendt Advertising's knowledge of the information contained in Spiker's RFP.

¶8    In July 1996, Spiker, a Montana corporation with its principal place of business in Missoula, Montana, filed a complaint in Missoula County, claiming that the State had breached the Montana Procurement Act, §§ 18-4-121 through 18-4-407, MCA. On September 18, 1996, the State filed a notice of appearance of counsel. The parties disagreed as to whether the complaint was subject to the requirements of the Tort Claims Act and, therefore, whether Spiker needed to comply with the 120-day administrative claim investigation period prior to filing a complaint against the State. See § 2-9-301, MCA. Rather than litigate the issue, the parties stipulated that the State would be given an additional 90 days in which to investigate the claim and respond and that its response would not include a motion to dismiss for failure to properly serve any individual defendant or for failure to

3

comply with the Tort Claims Act. On September 30, 1996, the State filed the stipulation, together with a motion for extension of time in which to respond to the complaint. The District Court granted the State's stipulation and motion.

¶9 On December 13, 1996, the State filed a motion to dismiss and a motion for change of venue. The parties briefed the issues, and, on May 20, 1997, the District Court ordered that venue be changed to Lewis and Clark County. Spiker appeals from this order.

Discussion

¶10 Under Rule 12(b)(ii), M.R.Civ.P., "if the county designated in the complaint is not the proper county for trial of the action, the defendant must at the time of defendant's first appearance request by motion that the trial be had in the proper county." Spiker argues that the State's filing of a notice of appearance of counsel and of a motion for extension of time constitute appearances in which the issue of venue should have been raised. The State argues that while the right to move for a change of venue can be waived by failing to file a motion for change of venue in conjunction with a responsive pleading, it is not waived by the simple act of filing a notice which informs the district court that the defendant is represented by counsel. We agree with Spiker that by filing a notice of appearance of counsel and motion for extension, the State "appeared" in the District Court, as that term is used in Rule 12(b).

¶11 Acts of a defendant sufficient to constitute an appearance are set forth in § 25-3-401, MCA. This section states: "A defendant appears in an action when he answers, files a motion, or gives the plaintiff written notice of his appearance or when an attorney gives notice of appearance for him or has such appearance entered in open court." Section 25-3-

401, MCA. Under the plain language of this statute, the State appeared in this action by filing a notice of appearance of counsel.

¶12 We applied § 25-3-401, MCA, in holding that the defendants had waived their objections to personal jurisdiction in Spencer v. Ukra (1991), 246 Mont. 430, 804 P.2d 380. In Spencer, the district court entered a default judgment against the defendants after they failed to appear. The defendants filed a motion to set aside the default pursuant to Rules 55(c) and 60(b), M.R.Civ.P. Spencer, 804 P.2d at 381. Subsequently, the defendants filed two stipulations in the district court, one providing that the default be set aside and the defendants be given 20 additional days in which to respond and the other that they be given additional time in which to respond to discovery requests. Spencer, 804 P.2d at 382. The district court entered an order setting aside the default and granting the defendants 20 days to respond. Spencer, 804 P.2d at 382. Several months later, on motion of the defendants, the court dismissed the action for lack of personal jurisdiction. Spencer, 804 P.2d at 382.

¶13 The plaintiff appealed to this Court, arguing that any objection to personal jurisdiction had been waived. Spencer, 804 P.2d at 382. We noted that under Rule 12, M.R.Civ.P., an objection to lack of personal jurisdiction must be made at the time of the defendants' initial appearance in the district court. Spencer, 804 P.2d at 382. Pointing to the language contained in § 25-3-401, MCA, we held that the "defendants, having moved the court to set aside the default in their initial appearance, without at the same time preserving the question of lack of personal jurisdiction, consented to the general jurisdiction of the court . . . ." Spencer, 804 P.2d at 383.

5

¶14 Similarly, in this case, the State voluntarily filed a notice of appearance and moved the court for an extension of time in which to answer without objecting to venue. The State argues that the notice of appearance was merely a "stock document" giving notice to the court that the State was represented by the Agency Legal Services Bureau. However, the State cites to no authority in Montana that supports a distinction between an appearance in a "stock document" and an appearance in a more substantive motion. Thus, we hold that both of the State's filings constitute appearances in the District Court. Under the clear language of Rule 12(b)(ii), M.R.Civ.P., the State should have included its request that venue be changed to Lewis and Clark County in its notice of appearance of counsel. Because it failed to do so, we hold that the State waived any objection to venue.

¶15 Based on the foregoing, we reverse and remand to the Fourth Judicial District Court, Missoula County, for further proceedings.

_____
Justice

We concur:

_____

_____

_____

_____
Justices