No. 01-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 108

CITY OF GREAT FALLS,

        Plaintiff and Appellant,

   v.

DIRECTOR OF THE DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES, LORI
EKANGER, and MONTANA STATE HOSPITAL
WARM SPRINGS, RANDY VETTER,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and For the County of Cascade,
                      Honorable Julie Macek, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Tony Lucas (argued), Assistant City Attorney, Great Falls, Montana

        For Respondent:

                Michelle J. Maltese (argued), Special Assistant Attorney General,
                Helena, Montana

                                  Heard:  January 10, 2002
                       Submitted: January 15, 2002
                        Decided:  May 23, 2002

Filed:

               _____
                           Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     The City of Great Falls (Great Falls) appeals from the Eighth Judicial District Court's denial of its motion for declaratory judgment.  We reverse.

¶2     The following issue is raised on appeal:

¶3     May a municipal court commit a criminal defendant if it determines that the defendant suffers from a mental disease or defect and lacks the fitness to proceed to trial?

FACTUAL AND PROCEDURAL BACKGROUND

¶4     Following a disturbance in a bar on September 21, 1999, D.A. was charged with violation of § 45-8-101, MCA, disorderly conduct, and § 45-5-201, MCA, misdemeanor assault against a police officer.  Upon the State's motion, the Great Falls Municipal Court (Municipal Court) ordered D.A. to attend a mental health evaluation conducted by Dr. Mark H. Johnson.  D.A. attended the evaluation, and Dr. Johnson issued a report concluding that D.A. suffered from a serious mental illness which would substantially interfere with his capacity to proceed to trial.  Dr. Johnson recommended psychiatric evaluation and treatment for D.A.'s illness, and he stated that with successful treatment there was a reasonable chance that D.A. could be restored to competence.

Comment [COMMENT1]: Report p. 6

¶5     The Municipal Court held a hearing regarding D.A.'s fitness to proceed.  Based on Dr. Johnson's evaluation and the hearing testimony, the Municipal Court found D.A. incompetent to stand trial.  On August 3, 2000, it ordered D.A. committed to the custody

2

of the Director of the Department of Public Health and Human Services (DPHHS) to be placed in an appropriate institution.

¶6    The Directors of DPHHS and Montana State Hospital Warm Springs refused to comply with the Municipal Court's order.  Great Falls filed a Complaint and Petition for Writ of Mandamus in District Court seeking enforcement of the Municipal Court's August 3, 2000, commitment order.

¶7    In the meantime, D.A. remained at large in Great Falls and was charged in District Court with a subsequent felony offense.  The District Court found  D.A. unfit to proceed to trial on this offense and ordered D.A.'s commitment to the custody of the Director of DPHHS to be placed in an appropriate institution for as long as his unfitness endured.  As a result of D.A.'s commitment, the District Court in the mandamus action determined that Great Falls' request for relief had been granted, and it vacated further mandamus proceedings.

¶8    Great Falls then filed a motion for declaratory judgment in District Court.  It requested a determination that a municipal court judge has the authority under Montana law to place a defendant charged with a criminal offense in municipal court in an appropriate institution of DPHHS in order to cure a defendant's unfitness to stand trial.  In response, DPHHS filed a cross motion for declaratory judgment maintaining that a municipal court judge lacks the authority to commit unfit defendants to DPHHS.  In an order dated April 19, 2001, the District Court agreed that

municipal courts lack such authority under Montana law.  Great Falls appeals.

4

DISCUSSION

¶9    May a municipal court commit a criminal defendant if it determines that the defendant suffers from a mental disease or defect and lacks the fitness to proceed to trial?

¶10  Our standard of review pertaining to a district court's conclusions of law, in rendering a declaratory judgment, is to determine if the court's interpretation of the law is correct. *Safeco Ins. Co. of Illinois v. Montana Eighth Jud. Dist. Court*, 2000 MT 153, ¶ 12, 300 Mont. 123, ¶12,  2 P.3d 834, ¶ 12.

¶11  The District Court and the parties agree that the Due Process Clauses of the United States and Montana Constitutions prohibit convicting a criminal defendant while he or she is incapacitated due to a mental disease or defect.  They also agree that prosecutors and the courts have an ethical and legal obligation to ensure the protection of a criminal defendant's constitutional rights.  Yet, the District Court and the parties disagree as to whether municipal courts have the authority to commit a criminal defendant suffering from a mental disease or defect to DPHHS.

¶12  The District Court's April 19, 2001, order and the parties' appellate arguments pit two statutes against one another.  Great Falls relies upon § 3-6-104, MCA, in support of its position that a municipal court has the same authority as a district court to commit a criminal defendant who is unfit to proceed to trial. Section 3-6-104(1), MCA, states that, except as otherwise provided, "the municipal court shall have in matters within its jurisdiction all the powers and duties of district judges in like cases."

5

¶13 The District Court and DPHHS, however, focus on § 46-14-202(1), MCA, regarding the examination of a criminal defendant when mental disease or defect is an issue. This statute provides that "[i]f the defendant or the defendant's counsel files a written motion requesting an examination or if the issue of the defendant's fitness to proceed is raised by the *district court*, prosecution, or defense counsel, the *district court* shall appoint at least one qualified psychiatrist or licensed clinical psychologist . . ." Section 46-14-202(1), MCA (emphasis added).

¶14 As a result, the District Court held, and DPHHS now argues, that only district courts can commit a criminal defendant who is unfit to proceed to trial since the term "district court" is specifically used in § 46-14-202(1), MCA. The District Court reasoned that "because the municipal court judge does not have jurisdiction over competency matters, the municipal court judge does not have the same powers and duties as a district court judge when commitment of a criminal defendant appears warranted."

¶15 The District Court then presented two options to the municipal court in dealing with cases involving mental incapacity: a municipal court prosecutor may (1) bind the fitness issues over to the district court for a competency determination; or (2) suspend the criminal proceedings, refer the case to the county attorney's office for civil commitment, and recommence prosecution when a defendant has been determined competent to proceed. On appeal, DPHHS and Great Falls disagree as to whether these are viable options.

6

¶16 In interpreting a statute, we first look to the plain meaning of the words it contains. *Hilands Golf Club v. Ashmore*, 2002 MT 8, ¶ 20, 308 Mont. 111, ¶ 20, 39 P.3d 697, ¶ 20 (citation omitted). Moreover, this Court is required to simply ascertain and declare what is in terms or in substance found in the statute, neither inserting what has been omitted nor omitting what has been inserted. Section 1-2-101, MCA. Bearing this in mind, we conclude that the District Court incorrectly interpreted § 3-6-104(1), MCA, in this case.

¶17 A plain reading of § 3-6-104(1), MCA, provides that municipal courts shall have in matters within its jurisdiction all the powers and duties of district judges in like cases. Municipal courts have jurisdiction over select criminal cases. Section 3-6-103, MCA (municipal court jurisdiction generally); § 3-10-303, MCA (coordinate jurisdiction with justices' courts over misdemeanors punishable by a fine less than $500 or imprisonment for less than six months); § 3-11-103, MCA (exclusive jurisdiction over violations of city ordinances). These criminal cases are, unquestionably, matters within the jurisdiction of municipal courts. Accordingly, under § 3-6-104(1), MCA, municipal courts are vested with all the powers and duties of district judges in these cases–including the power and the duty to commit mentally incapacitated criminal defendants to DPHHS pursuant to the procedures and requirements set forth in Title 46, MCA. This stands to reason since a municipal court judge, like a district court judge, must be an attorney. Section 3-6-202, MCA. In

7

addition, municipal courts are courts of record, and if there is a question as to the municipal court's commitment of a criminal defendant, the issue may be appealed to the District Court under § 3-5-303, MCA.

¶18 Moreover, the District Court's options for municipal courts in mental disease and defect cases are not wholly viable. As set forth above, municipal courts have exclusive and coordinate jurisdiction over select misdemeanor criminal cases. District courts lack subject matter jurisdiction in these cases. Section 3-5-302(1)(d), MCA. As such, it is both unnecessary pursuant to § 3-6-104(1), MCA, as well as imprudent, to send a competency determination to a district court lacking subject matter jurisdiction over the underlying charge.

¶19 Furthermore, involuntary civil commitment in the district court may not be a viable solution if a criminal defendant, while meeting the standard of criminal commitment articulated in § 46-14-103, MCA (whether the defendant, as a result of mental disease or defect, is unable to understand the proceedings against him or assist in his defense), does not at the same time meet the more stringent standard for involuntary civil commitment under § 53-21-126(4), MCA (whether an individual, because of a mental disorder and through an act or omission, caused self-injury or injury to others or an imminent threat of injury).

¶20 We therefore hold that a municipal court may commit a criminal defendant if it determines, in accordance with Montana law, that the defendant suffers from a mental disease or defect and lacks the

8

fitness to proceed to trial. To conclude otherwise would contravene the plain language of § 3-6-104(1), MCA.

¶21 We reverse.

/S/ W. WILLIAM LEAPHART

9

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE