No. 01-446

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 144

IN RE THE SUPPORT OBLIGATION OF:

MARK T. McGURRAN,

      Obligor,

   and

DEBRA L. UDELHOVEN,

      Petitioner/Appellant,

MONTANA DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

      Respondent/Respondent.

APPEAL FROM:     District Court of the Tenth Judicial District,
                     In and for the County of Judith Basin,
                     The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

             Charles Frederick Unmack, Hubble, Ridgeway, Unmack & Westveer,
             Stanford, Montana

      For Respondent:

             Valerie A. Bashor, Special Assistant Attorney General, DPHHS Child
             Support Enforcement Division, Missoula, Montana

                         Submitted on Briefs: December 28, 2001

                                 Decided:   June 27, 2002

Filed:

_____
                        Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Petitioner, Debra L. Udelhoven, filed a Petition for Judicial Review of a Modification Consent Order of the Department of Public Health and Human Services (DPHHS), Child Support Enforcement Division (CSED), in the District Court for the Tenth Judicial District Court in Judith Basin County. The Modification Consent Order reduced the child support obligation of the Respondent, Mark T. McGurran. CSED moved to dismiss the petition for failure to exhaust administrative remedies and lack of jurisdiction. The District Court granted the motion to dismiss based on lack of jurisdiction. Udelhoven appeals the District Court's dismissal. We reverse the order of the District Court.

¶2 The sole issue on appeal is whether the District Court erred as a matter of law when it dismissed the Petition for Judicial Review for lack of jurisdiction based on its conclusion that the petition should have been filed in a different county.

FACTUAL AND PROCEDURAL BACKGROUND

¶3 On January 11, 2001, Mark T. McGurran filed a Request for Review of a CSED administrative child support order which had been issued on November 17, 1998. The November 17, 1998, order required McGurran to pay $703 every month to Debra L. Udelhoven for the support of their son. It also required that he provide health insurance coverage for their child.

¶4 On April 4, 2001, CSED issued a Modification Consent Order which reduced McGurran's child support obligation from $703 a month to $432 a month. McGurran remained responsible for providing health insurance coverage. The effective date of the modification

was April 1, 2001. Prior to that date, CSED had sent a copy of the proposed modification to both McGurran and Udelhoven. In a letter dated February 28, 2001, CSED informed Udelhoven that the Modification Consent Order would take effect if arbitration was not requested by April 2, 2001. CSED did not receive an arbitration request prior to that date.

¶5 On or about April 16, 2001, Udelhoven filed a Petition for Judicial Review of the Modification Consent Order in the District Court for Judith Basin County. At the time the petition was filed, Udelhoven resided in Colorado and CSED had its primary office in Lewis & Clark County.

¶6 CSED filed a Motion to Dismiss the Petition for Judicial Review on two grounds. First, CSED claimed that Udelhoven had failed to exhaust her administrative remedies because she had not requested arbitration. Second, CSED claimed that the District Court lacked subject matter jurisdiction because the action was filed in the wrong county. The District Court granted CSED's Motion to Dismiss based on its conclusion that because the petition was filed in the wrong county, it was without jurisdiction. On June 25, 2001, Udelhoven appealed the District Court's order granting CSED's Motion to Dismiss.

STANDARD OF REVIEW

¶7 "[A] district court's determination that it lacks jurisdiction over a matter is a conclusion of law which we review to determine whether the district court's interpretation of the law is correct."

*In re McGurran*, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d

968, ¶ 7 (*citing Hilands Golf Club v. Ashmore* (1996), 277 Mont. 324, 328, 922 P.2d 469, 472).

DISCUSSION

¶8 Did the District Court err as a matter of law when it dismissed the Petition for Judicial Review for lack of jurisdiction based on its conclusion that the petition should have been filed in a different county?

¶9 Udelhoven contends that the District Court confused the concepts of jurisdiction and venue, and, as a result, erred as a matter of law when it granted CSED's Motion to Dismiss for lack of jurisdiction. Udelhoven argues that jurisdiction refers to the inherent power of a court to decide a controversy, whereas venue designates the particular county or city in which a court with jurisdiction may hear and determine the case. Accordingly, because all Montana district courts have subject matter jurisdiction over petitions for judicial review of administrative decisions, Udelhoven asserts that CSED's failure to file in the proper county did not divest the District Court of subject matter jurisdiction. Udelhoven, therefore, contends that the District Court's conclusion that it lacked jurisdiction based on improper venue was incorrect as a matter of law.

¶10 CSED contends that its Motion to Dismiss for lack of jurisdiction was proper because the Legislature has the sole discretion to define the scope of judicial review of administrative decisions and has provided certain requirements which define the district court's authority. It asserts that Udelhoven's failure to

4

follow the requirements of § 2-4-702(2)(a), MCA, which includes filing in the proper venue, divested the District Court of jurisdiction.

¶11 The District Court agreed with CSED. The District Court concluded that "MCA § 2-4-702(2)(a) is more than a mere venue statute; it is the legislative designation under Montana's Constitution, Article VII, § 4 of the particular courts to have jurisdiction for judicial review." The District Court interpreted § 2-4-702(2)(a), MCA, as a requirement that "a petition for judicial review must be filed in the correct venue for the court to obtain jurisdiction." We conclude that the District Court's interpretation of the law is incorrect.

¶12 This Court has long recognized the distinction between "jurisdiction" and "venue." In general terms, jurisdiction is a court's authority to hear and determine a case, and goes to the "power" of the court. *Stanton Trust & Savings Bank v. Johnson* (1937), 104 Mont. 235, 235, 65 P.2d 1188, 1189. Jurisdiction cannot be waived or conferred by consent of the parties where there is no basis for jurisdiction under the law. *In re Marriage of Miller* (1993), 259 Mont. 424, 427, 856 P.2d 1378, 1380.

¶13 Venue, on the other hand, refers to the place where the case is to be heard, or where the power of the court can be exercised. *Stanton Trust*, 104 Mont. at 235, 65 P.2d at 1189. Venue is a personal privilege of the defendant and, thus, may be waived. It is, in fact, deemed waived unless a motion to change the venue is

5

made at the defendant's initial appearance. Rule 12(b)(ii), M.R.Civ.P.

¶14 The distinction between jurisdiction and venue is clearly expressed in the most recent edition of Black's Law Dictionary, which states:

> The distinction must be clearly understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants. It is possible for jurisdiction to exist though venue in a particular district is improper, and it is possible for a suit to be brought in the appropriate venue though it must be dismissed for lack of jurisdiction. The most important difference between venue and jurisdiction is that a party may consent to be sued in a district that otherwise would be an improper venue, and it waives its objection to venue if it fails to assert it promptly.

Black's Law Dictionary 1554 (7th ed. 1999) (*citing* Charles Alan Wright, *The Law of Federal Courts* § 42, at 257 (5th ed. 1994)). Although the cited treatise author was referring to federal courts, the distinction is equally applicable to Montana state courts. Another noted legal scholar distinguished jurisdiction from venue in the following way:

> Jurisdiction deals with the power of a court to hear and dispose of a given case; . . . . Venue is of a distinctly lower level of importance; it is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources.

Black's Law Dictionary 1553-54 (7th ed. 1999) (*citing* Jack H. Friedenthal et al., *Civil Procedure* § 2.1, at 10 (2d ed. 1993)).

¶15 Here, Udelhoven's filing of a Petition for Judicial Review vested the District Court with jurisdiction. Pursuant to Article VII, Section 4, Subsection 1 of the Montana Constitution, "[t]he

6

district court has original jurisdiction in . . . all civil matters and cases at law and in equity."  *See also* § 3-5-302(1)(b) and -(c), MCA.  Statutorily, jurisdiction to review administrative decisions is conferred on district courts by § 2-4-702(2)(a), MCA, of the Montana Administrative Procedure Act, which states in relevant part that:

> Except as provided in subsection (2)(c), proceedings for review must be instituted by filing a petition in district court within 30 days after service of the final decision of the agency or, if a rehearing is requested, within 30 days after the decision is rendered.

Because Montana district courts are vested with jurisdiction over appeals from final administrative decisions in contested cases, the Tenth Judicial District could hear and decide Udelhoven's Petition for Judicial Review.

¶16  Whether venue was proper in Judith Basin County involved an entirely different issue for the District Court's consideration. Section 2-4-702(2)(a), MCA, in addition to granting jurisdiction to the District Court, also sets forth the proper place where a contested administrative decision can be heard, and provides:

> Except as otherwise provided by statute, the petition must be filed in the district court for the county where the petitioner resides or has the petitioner's principal place of business or where the agency maintains its principal office.

Such a requirement is nothing more than a venue provision, and is no different than any other venue provision contained within Montana Code Annotated.  Venue provisions are not jurisdictional. *See generally* § 25-2-112, MCA ("The designation of a county in this part [Title 25, Chapter 2, Part 1] as a proper place of trial is

7

not jurisdictional and does not prohibit the trial of any cause in any court of this state having jurisdiction.").

¶17 The distinction between jurisdiction and venue is further illustrated by the requirement in § 2-4-702(2)(b), MCA, that a petition for judicial review must "include a concise statement of the facts upon which *jurisdiction* and *venue* are based . . . ." (Emphasis added.) Requiring that facts upon which both jurisdiction and venue are based be separately set forth recognizes that they are different requirements.

¶18 The District Court's conclusion that the venue provision set forth in § 2-4-702(2)(a), MCA, is jurisdictional is incorrect as a matter of law. Upon proper motion, this matter should have been transferred to the proper county. However, CSED instead filed its Motion to Dismiss for lack of jurisdiction. By failing to file a motion to change venue at the time of CSED's first appearance, CSED waived its right to later object to venue. Rule 12(b)(ii), M.R.Civ.P.; *see also Spiker Communications v. Dept. of Commerce*, 1998 MT 32, ¶ 10, 287 Mont. 345, ¶ 10, 954 P.2d 1145, ¶ 10. The District Court in Judith Basin County is, therefore, a proper place for trial of this matter absent agreement by the parties to transfer venue.

¶19 Accordingly, we reverse and remand to the District Court for further proceedings consistent with this Opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

8

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE

Chief Justice Karla M. Gray, specially concurring.

¶20 I concur in the result the Court reaches. I also agree entirely with the Court's discussion regarding the distinctions between jurisdiction and venue, and the paramount importance of jurisdiction, without which a court lacks the power and authority to act in a matter. My interpretation of the statute at issue differs somewhat from that of the Court, however, and I write separately to clarify that difference.

¶21 It is undisputed that the broad jurisdictional grant to district courts over "all civil matters and cases at law and in equity" is conferred by Article VII, Section 4(1) of the 1972 Montana Constitution. Section 3-5-302(1)(b) and (c), MCA, simply reiterate the constitutional grant of jurisdiction. They are not at all necessary to confer such jurisdiction and, indeed, neither § 3-5-302, MCA, nor any other statute properly could limit or restrict the jurisdiction conferred by the constitution.

¶22 With regard to the first sentence in § 2-4-702(2)(a), MCA, the Court states that it "confers" jurisdiction on the district courts. Given the discussion immediately above, it is clear that I disagree with the Court's statement. The statement in § 2-4-702(2)(a), MCA, that "proceedings for review must be instituted by filing a petition in district court . . ." does not confer jurisdiction. At the very most, it--like § 3-5-302(1)(b) and (c), MCA-- merely reiterates the constitutional grant of jurisdiction. In my view, a better interpretation of that statement is that it simply sets forth the procedure to be followed in commencing a judicial review proceeding. Read in that manner, it is clear that the second sentence in § 2-4-702(2)(a), MCA, can only be what the Court properly interprets it to be--a venue statute.

10

¶23 Were it not for the broad constitutional grant of jurisdiction to district courts, I would be inclined to interpret the second sentence of § 2-4-702(2)(a), MCA, as a jurisdictional limitation requiring the filing of petitions for judicial review in the county of petitioner's residence/primary place of business or where the agency maintains its principal office. That is to say, without the constitutional element in the mix, I do not believe this would be a mere venue statute; nor do I believe the Legislature intended it to be a mere venue statute. The language in § 2-4-702(2)(a), MCA, states that the petition for judicial review "must be filed in" one of the above-mentioned counties. This language differs significantly from the language used by the Legislature in its various civil venue statutes, which generally state only that "[t]he proper place of trial [for a given type of civil case] is" and then list the counties in which venue--that is, the proper location--is appropriate. *See*, *e.g.*, §§ 25-2-121 and 25-2-122, MCA. In short, it is my view that the Legislature probably intended--because of both the plain language used in § 2-4-702(2)(a), MCA, and the plain, but very different, language used in venue statutes--that jurisdiction over petitions for judicial review be limited to those counties stated in § 2-4-702(2)(a), MCA. The Legislature simply may not have understood that it is not free to limit the broad jurisdiction over "civil matters and cases at law and in equity" conferred by the Montana Constitution.

¶24 I agree with the Court that the District Court erred in concluding that § 2-4-702(2)(a), MCA, is a "legislative designation . . . [of] jurisdiction" with regard to petitions for judicial review of final agency decisions.

/S/ KARLA M. GRAY

Justice James C. Nelson joins in the foregoing specially concurring opinion.

/S/ JAMES C. NELSON