FILED

09/01/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0121

DA 20-0121

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 220N

DR. RUTH A. JURIS,

      Plaintiff and Appellant,

    v.

LANA E. CANTRELL d/b/a LANA CANTRELL LAW OFFICE,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DV-17-70
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Hawkins O'Brien, St. Peter Law Office, P.C., Missoula, Montana

      For Appellee:

          Lana E. Cantrell, Lana Cantrell Law Office, Mattituck, New York

                  Submitted on Briefs:  July 29, 2020

                           Decided:  September 1, 2020

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dr. Ruth A. Juris (Juris) appeals the Order Granting Defendant's Motion to Dismiss issued by the Twentieth Judicial District Court, Sanders County, on January 29, 2020. We reverse.

¶3 On July 20, 2017, Juris filed a complaint in District Court against her former attorney, Lana E. Cantrell (Cantrell), asserting numerous claims arising from Cantrell's representation of Juris in a lawsuit. Cantrell was properly served with the complaint as prescribed by M. R. Civ. P. 4(d)(1) but did not respond within the timeframe required by M. R. Civ. P. 12(a), (b). The District Court accordingly entered default against Cantrell on December 6, 2017. Cantrell filed a notice of appearance on December 14, 2017 and filed a motion to substitute the assigned District Court judge on December 15, 2017. The District Court issued an order denying as untimely Cantrell's motion to substitute. On January 5, 2018, Cantrell filed a motion to set aside default under M. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause[.]"). The motion "request[ed] that the Court find[] good cause to allow this case to proceed on its merits," and provided that Juris did not oppose setting aside the default. The District Court granted the motion to set aside the default on January 8, 2018. Cantrell then filed an answer to the complaint on

2

February 12, 2018, asserting for the first time that the District Court lacked personal jurisdiction.

¶4     The parties engaged in discovery and further motion practice, until Cantrell filed a motion under M. R. Civ. P. 12(b)(2) to dismiss Juris's complaint for lack of personal jurisdiction on December 11, 2018. Juris opposed the motion, arguing that Cantrell's filing of a motion to substitute and a motion to set aside default—prior to filing her answer— were two "significant defensive move[s]" which constituted "voluntary general appearance[s]" under Montana law. By not raising lack of personal jurisdiction in either of these two motions, Juris argued that Cantrell waived her opportunity to contest personal jurisdiction. The District Court ultimately granted Cantrell's motion to dismiss. In support of its grant, the District Court reasoned that, since the motion to set aside default was unopposed, it was "not a defensive motion." The court likewise held that a motion to substitute "is not a defensive pleading as defined in Rule 12 of the Montana Rules of Civil Procedure." As such, the District Court held that Cantrell's raising of lack of personal jurisdiction in her answer satisfied the requirements of M. R. Civ. P. 12(b). Juris appeals the District Court's decision to grant Cantrell's motion to dismiss. We reverse.

¶5     This Court reviews de novo a district court's decision on a motion to dismiss for lack of personal jurisdiction. *Grizzly Sec. Armored Express, Inc. v. Armored Group, LLC*, 2011 MT 128, ¶ 12, 360 Mont. 517, 255 P.3d 143.

¶6     On appeal, Juris argues that Cantrell waived her right to contest personal jurisdiction by failing to raise the defense in her first responsive pleading to the District Court. Juris asserts that Cantrell's filing of the motion to substitute the judge and the motion to set aside

3

the entry of default were "significant defensive moves" which resulted in her consenting to the court's jurisdiction and waiving her personal jurisdiction defense. In other words, the filings were substantive motions filed by Cantrell which qualified as her first appearance before the District Court. Juris contends that the District Court misapplied this Court's holding in *Spencer v. Ukra*, 246 Mont. 430, 804 P.2d 380 (1991), when it held that an unopposed motion was not a defensive motion. We agree with Juris that the District Court misapplied our holding in *Spencer*. Cantrell's motion to set aside the entry of default was a responsive pleading as contemplated in M. R. Civ. P. 12(h)(1), and any argument for lack of personal jurisdiction was waived by Cantrell's failure to assert the defense at this first opportunity.

¶7 M. R. Civ. P. 4(b) provides that a Montana court can acquire jurisdiction over any person through service of process or "by the voluntary appearance in an action by any person either personally or through an attorney, authorized officer, agent, or employee." M. R. Civ. P. 12(b)(2) states that a party may raise the defense of lack of personal jurisdiction by motion at its option. *Garza v. Forquest Ventures, Inc.*, 2015 MT 284, ¶ 43, 381 Mont. 189, 358 P.3d 189. A party may also waive a personal jurisdiction defense and consent to a court's jurisdiction. *Garza*, ¶ 43 (citing *El Dorado Heights Homeowners' Ass'n v. Dewitt*, 2008 MT 199, ¶ 16, 344 Mont. 77, 186 P.3d 1249). Under M. R. Civ. P. 12(h)(1), a party waives the defense of lack of personal jurisdiction by: omitting it from a motion in the circumstances described in M. R. Civ. P. 12(g)(2); or failing to either "make it by motion under [Rule 12]" or "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Rule 12(b) plainly states that the defense

4

of a lack of personal jurisdiction is waived only if a party does not raise the defense before filing a responsive pleading. *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 11, 378 Mont. 75, 342 P.3d 13; *see also Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 705, 102 S. Ct. 2099, 2105 (1982) ("[T]he failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection.").

¶8 Here, we are tasked with determining whether Cantrell's filing of a motion to set aside the entry of default was a "responsive pleading" in which the assertion of the defense of lack of personal jurisdiction must have been included or else waived. Whether or not an initial filing by a party qualifies as a "responsive pleading" turns on whether the filing can be called "the first significant defensive move" made by the defendant in the case. *Milky Whey*, ¶ 15.

¶9 In *Spencer*, this Court held that the defendants waived their personal jurisdiction defense when they moved in district court to set aside an entry of default as their first appearance. *Spencer*, 246 Mont. at 434-35, 804 P.2d at 383. The facts in *Spencer* mirror those in the present case. There, the defendants' motion to set aside the entry of default was unopposed. This Court held that "the first appearance of the . . . defendants ~~in~~ [*Spencer*] was a motion to set aside the judgment . . . . No issue was raised at that time or in that motion of the lack of personal jurisdiction over the defendants." *Spencer*, 246 Mont. at 433-34, 804 P.2d at 382. The defendants in *Spencer* were found to have waived the defense of lack of personal jurisdiction by failing to raise the defense in or prior to the motion to set aside default. The same reasoning applies to the facts presented herein.

5

¶10     Cantrell's filing of a motion to set aside the entry of default, regardless of non-objection by the opposing party, was a significant defensive move. By moving to set aside the entry of default in an initial appearance before the District Court, without preserving the defense of lack of personal jurisdiction, Cantrell consented to the jurisdiction of the District Court. Because Cantrell failed to assert the defense in this initial appearance, we hold that Cantrell waived any objection to personal jurisdiction. Therefore, the District Court erred by granting Cantrell's motion to dismiss. We reverse the District Court's dismissal of Juris's complaint for lack of personal jurisdiction.

¶11     As we conclude that Cantrell waived her defense to personal jurisdiction by failing to assert the defense before moving to set aside default, we need not address Juris's argument that Cantrell's motion to substitute was also a substantive defensive motion.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were incorrect.

¶13     Reversed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

6