
# ORIGINAL

FILED

07/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0350

Case Number: OP 22-0350

FILED

JUL 28 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

HELIO LEAL DE LA HOZ,

Petitioner,

v.

JASON KOWALSKI, Administrator
of the Missoula County Detention Facility,

Respondent.

ORDER

Petitioner Helio Leal De La Hoz, via counsel, moved this Court for a writ of habeas corpus over the Fourth Judicial District Court, Missoula County, alleging he is being held in custody at the Missoula County Detention Facility (MCDF) by the District Court without jurisdiction, without being charged in that court, and without being prosecuted. Upon review of his pleading and associated exhibits, we deemed it appropriate to request responses from either or both the Fourth Judicial District Court and the State of Montana. Both Hon. John W. Larson, District Judge, and the State of Montana have responded in opposition to this petition. Judge Larson further filed an affidavit of Hon. Eli Parker, Missoula Municipal Court, accompanying his response.

Underlying this matter are two cases filed in Missoula Municipal Court. In the first, filed under the Municipal Court's Cause No. TK-620-2021-3437, Leal De La Hoz was charged with one count of Assault with Bodily Fluid and one count of Disorderly Conduct on July 21, 2021. On March 28, 2022, the Municipal Court found Leal De La Hoz unfit to proceed and set the matter for a status hearing.

On May 25, 2022, Leal De La Hoz was charged with four additional misdemeanors under the Municipal Court's Cause No. TK-620-2022-2057: Criminal Trespass, Disorderly Conduct, Obstructing a Peace Officer, and Resisting Arrest. The Municipal Court conducted an initial appearance for these charges and set bond at $600. It continued the arraignment until June 1, 2022.

On June 1, 2022, the Municipal Court convened a status hearing on the first matter and an arraignment on the second. However, due to issues with Leal De La Hoz's fitness to proceed, the court did not hold the arraignment on the second matter and Leal De La Hoz did not enter a plea. Instead, the court expressed an intention to "transfer" both of the matters to District Court, and the court then issued a Request for District Court to Assume Jurisdiction.

In his affidavit filed with this Court, Judge Parker explains that he requested that the District Court accept transfer of these matters because community-based treatment had failed to provide sufficient assistance for Leal De La Hoz, who he believed posed a safety risk to himself and to the community. Judge Parker explains, "Historically, Missoula Municipal Court has dismissed criminal proceedings upon [finding a defendant unfit to proceed] due to limited court resources and the financial cost involved with the commitment process under Montana Code Annotated § 46-14-221(2)(a) & (b)." In this case, however, Judge Parker decided instead to "suspend[] the proceeding to explore any other option, which included whether a District Court Judge might assume jurisdiction and provide opportunity for the statutory mandated process to continue." Judge Parker asserts that the assumption of jurisdiction by a district court was "the only option available" to provide Leal De La Hoz with treatment.

The Fourth Judicial District Court, Missoula County, granted the Municipal Court's request and assumed jurisdiction of Leal De La Hoz's pending matters. The cases were renumbered DC-22-313 and DC-22-312 respectively and the District Court set a status hearing for June 16, 2022.

Leal De La Hoz's defense counsel wanted to request a continuance for the status hearing, so he attempted to identify the prosecutor of the cases so that he could determine if the prosecution would object to continuance. Because no prosecutor was listed in FullCourt, counsel contacted the original prosecutor from the City Attorney's office, who asserted that he was no longer prosecuting the cases. Counsel then contacted the Chief Criminal Deputy County Attorney, who informed counsel that the County Attorney's

2

Office was not prosecuting the matters. Defense counsel ultimately requested a continuance and the District Court reset the status hearing for June 23, 2022.

However, on June 15, 2022, the District Court sua sponte issued orders vacating the status hearing and ordering that Montana State Hospital (MSH) conduct a fitness to proceed evaluation. The evaluation order essentially overruled the Municipal Court's finding of unfitness, as it requested that Leal De La Hoz be sent to MSH for a fitness determination, while the practical effect of the Municipal Court's finding of unfitness would instead have committed Leal De La Hoz to MSH for rehabilitation.

Defense counsel requested a hearing but the District Court did not grant it, instead serving counsel with a second copy of the previous District Court order that had vacated all hearings in the matter. Defense counsel also moved to substitute the District Court Judge and the court denied it as untimely.

Counsel then filed the petition for writ of habeas corpus now pending before this Court concurrently with motions to dismiss in the District Court. On petition, Leal De La Hoz alleges that he is being held unlawfully at MCDF because his Municipal Court matters were "transferred" to District Court absent any statutory authority, the District Court lacks subject matter jurisdiction in DC-22-312, the District Court lacks personal jurisdiction over Leal De La Hoz, and no prosecutor is prosecuting either of these matters. He requests that this Court grant his petition, dismiss DC-22-312 and DC-22-313, and order his immediate release from custody.

After Leal De La Hoz filed this petition, the District Court withdrew its June 15, 2022 orders for fitness evaluation and adopted the Municipal Court's finding of unfitness. It further suspended the proceedings in DC-22-312 and DC-22-313 and ordered Leal De La Hoz to be committed to MSH for development of a treatment plan and "so long as the unfitness endures or until disposition of the defendant is made." As of July 28, 2022, Leal De La Hoz remains at MCDF.

Judge Larson responds in opposition to Leal De La Hoz's petition. He maintains that the District Court exercised its discretion to ensure that Leal De La Hoz does not endanger himself or the community and he asserts that the District Court has concurrent

3

jurisdiction with the Municipal Court over these matters. First, he draws our attention to § 3-10-303(2), MCA, which provides:

> In any county that has established a drug treatment court or mental health treatment court, the district court, *with the consent of all judges of the courts of limited jurisdiction in the county*, has concurrent jurisdiction of all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months, or both.

(Emphasis added.) Judge Larson acknowledges that the Missoula Municipal Court judges have not reached a consensus as to concurrent jurisdiction. Therefore this statute does not confer concurrent jurisdiction. Although Judge Larson further asserts that "[h]istorically . . . Respondent District Court and courts of limited jurisdiction have worked together with concurrent jurisdiction in appropriate cases where drug or mental health treatment are at issue, which practice predates Mont. Code Ann. § 3-10-303(2)," historical practice cannot create jurisdiction that does not exist in statute. Jurisdiction cannot be waived or conferred by consent of the parties where there is no basis for jurisdiction under the law. *In re Support Obligation of McGurran*, 2002 MT 144, ¶ 12, 310 Mont. 268, 49 P.3d 626. Similarly, absent statutory authority, jurisdiction cannot be transferred by the consent of the sending and receiving court.

Judge Larson also argues that the District Court may have original jurisdiction under § 3-5-302(1)(e), MCA, which provides for such in "all special actions and proceedings that are not otherwise provided for." He submits that Leal De La Hoz's Municipal Court matters, which are presently stayed while a treatment plan is developed, is a proceeding "where jurisdiction may be shared to facilitate the completion of a treatment plan based on available resources." However, Leal De La Hoz's cases are not special actions or filed as original proceedings; they are criminal cases involving misdemeanor charges. We understand the motivation behind the actions of both the Municipal and District Courts and their attempts to protect the community while providing for Leal De La Hoz to obtain treatment. However, the courts remain bound to act within their jurisdiction.

The State agrees with Leal De La Hoz that the District Court did not obtain jurisdiction over his Municipal Court cases. The State notes that all of the charges Leal De

4

La Hoz incurred in Municipal Court Cause No. TK-620-2022-2057, which became District Court Cause No. DC-22-312, are misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding six months, or both, and this case is therefore only properly within the Municipal Court's jurisdiction. Section 3-10-303(1), MCA. As to Municipal Court Cause No. TK-620-2021-3437, which became District Court Cause No. DC-22-313, and which consisted of misdemeanor charges of Assault with Bodily Fluid and Disorderly Conduct, the State asserts, correctly, that the District Court had concurrent jurisdiction with the Municipal Court over the Assault with Bodily Fluid charge because it is a "high misdemeanor," as it is punishable by a fine not exceeding $1,000 or imprisonment not exceeding one year, or both. Section 45-5-214(2), MCA. Therefore, the District Court could have also exercised jurisdiction over the concurrent Disorderly Conduct charge. Section 3-5-302(2)(a), MCA.

The State maintains, however, that even though the District Court had subject matter jurisdiction over its Cause No. DC-22-313, it lacked personal jurisdiction over Leal De La Hoz because no Information for these charges was filed in that court. The State asserts that the record makes no mention of any legal authority the Municipal Court and District Court may have been acting under on June 1, 2022, when the former requested the latter to assume jurisdiction and the District Court then accepted jurisdiction.

The State further asserts that if the District Court accepted the cases for the purpose of effectuating a fitness evaluation or rehabilitation for fitness to proceed, it did so in error as this Court has rejected that procedure. *City of Great Falls v. Dir. of Dep't of Pub. Health & Human Servs.*, 2002 MT 108, 309 Mont. 467, 47 P.3d 836. In *City of Great Falls*, the defendant was charged with two misdemeanors and, after evaluation, the Great Falls Municipal Court found him incompetent to stand trial and ordered him committed to the custody of the Director of the Department of Public Health and Human Services to be placed in an appropriate institution. *City of Great Falls*, ¶¶ 4-5. The Director refused to comply with the order, asserting that a municipal court judge lacks the authority to commit unfit defendants to DPHHS. *City of Great Falls*, ¶¶ 6, 8. On appeal, this Court held that under § 3-6-104(1), MCA, municipal courts are vested with all the powers and duties of

5

district judges in cases that fall within their jurisdiction, "including the power and the duty to commit mentally incapacitated criminal defendants to DPHHS pursuant to the procedures and requirements set forth in Title 46, MCA." *City of Great Falls*, ¶ 17. This Court further held:

> Moreover, the District Court's options for municipal courts in mental disease and defect cases are not wholly viable. As set forth above, municipal courts have exclusive and coordinate jurisdiction over select misdemeanor criminal cases. District courts lack subject matter jurisdiction in these cases. Section 3-5-302(1)(d), MCA. As such, it is both unnecessary pursuant to § 3-6-104(1), MCA, as well as imprudent, to send a competency determination to a district court lacking subject matter jurisdiction over the underlying charge.

*City of Great Falls*, ¶ 18. Unfortunately, at least regarding Municipal Court Cause No. TK-620-2022-2057, which became District Court Cause No. DC-22-312, that is precisely what occurred in the present case. The District Court lacks subject matter jurisdiction in that case and it was unnecessary and imprudent to purport to transfer the case out of the Municipal Court. In the present case, the Municipal Court had both "the power" and "the duty" to order Leal De La Hoz's commitment once it determined that he was presently unfit. While we do not minimize the court's financial concerns and we recognize that its decisions may at times be influenced by financial constraints, the court cannot simply reject its duties because its spending priorities lie elsewhere.[1]

---

[1] In his affidavit, Judge Parker explains that Leal De La Hoz was taken to Saint Patrick's Hospital after his arrest for the May 25, 2022 incident. However, the prosecutor "could not confirm" whether Leal De La Hoz was evaluated by a mental health professional at that time and therefore, the County Attorney could not consider whether Leal De La Hoz might qualify for civil commitment. Judge Parker further observed that incarcerated individuals "generally will not meet legal criteria for civil commitment without significant deterioration of a mental health condition to a point that a risk to self, other, or inability to meet basic needs exceeds the management capacity of detention staff." This is a regrettable missed opportunity. See *Fouts v. Mont. Eighth Judicial Dist. Court*, 2022 MT 9, ¶ 19, 407 Mont. 166, 502 P.3d 689 (McGrath, C.J., concurring) ("Persisting with criminal charges against a long-term severely mentally ill individual seems to have been a fool's errand lacking benefit to anyone, including . . . the community, . . . the courts, and especially [the defendant]. The criminal procedure statutes regarding unfit-to-proceed defendants . . . don't offer a reasonable path to follow in many cases.").

6

Furthermore, the District Court has not refuted Leal De La Hoz's assertion that the court has no personal jurisdiction over him. Leal De La Hoz asserts that he has not been arraigned on DC-22-313. Leal De La Hoz further asserts that he has never been arraigned in either Municipal Court or District Court on Municipal Court Cause No. TK-620-2022-2057 / District Court Cause No. DC-22-312 and therefore neither court has personal jurisdiction over him in that matter. He also argues, as does the State, that prosecution was never commenced in the District Court on either matter because the State never indicted him nor filed an Information. Section 46-11-102(1), MCA ("All prosecutions of offenses charged in a district court must be by indictment or information.").

At the time that the State filed its response to Leal De La Hoz's petition, a $600 bond set by the Municipal Court in TK-620-2022-2057 remained in effect and the State argued that Leal De La Hoz was not illegally detained because he was not presently being detained under any order of the District Court but rather on the Municipal Court's $600 bond. However, on July 25, 2022, the Municipal Court released the bond, asserting that Leal De La Hoz was released on his own recognizance because the Municipal Court has no jurisdiction to hold him. Therefore Leal De La Hoz's current detention is under the District Court's purported authority.

Barring some exceptions not applicable here, every person imprisoned or otherwise restrained of liberty within this state may prosecute a writ of habeas corpus to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint. Section 46-22-101(1), MCA. The writ is available to those persons unlawfully imprisoned or restrained of their liberty. *Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, 150 P.3d 337. The petitioner in a habeas proceeding bears the burden to convince the Court that a writ should issue. *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186.

In this instance, the record demonstrates that Leal De La Hoz is unlawfully detained in MCDF by order of the District Court, which has no jurisdiction over Leal De La Hoz's pending criminal matters. Furthermore, since the Municipal Court has released him on his own recognizance, there is no legal basis for continued detention. Leal De La Hoz is

7

entitled to have his cases dismissed from District Court and remanded to the Municipal Court with instructions to proceed in accordance with its determination that Leal De La Hoz is presently unfit to proceed in these matters.

Therefore,

IT IS ORDERED that Leal De La Hoz's Petition for Writ of Habeas Corpus is GRANTED. Leal De La Hoz is entitled to immediate release.

IT IS FURTHER ORDERED that Cause Nos. DC-22-312 and DC-22-313 in the Fourth Judicial District Court, Missoula County, are DISMISSED WITHOUT PREJUDICE. All orders issued under these Cause Nos. are hereby VACATED.

IT IS FURTHER ORDERED that these matters are REMANDED to the Missoula Municipal Court for further proceedings under its Cause Nos. TK-620-2021-3437 and TK-620-2022-2057, and in accordance with its fitness determination.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable John W. Larson, Fourth Judicial District Court, Missoula County; Shirley Faust, Clerk of District Court, Missoula County, under Cause Nos. DC-22-312 and DC 22-313; Honorable Eli Parker, Missoula Municipal Court; the Attorney General; the Missoula County Attorney; Jason Kowalski, Administrator of the Missoula County Detention Facility; and to counsel for the Department of Corrections.

DATED this 28th day of July 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

8